Tarbell *v.* Sturtevant.

---

DANIEL TARBELL, JR. *v.* FRANCIS STURTEVANT.

*Promissory note. Indorsement, its effect. Indorsee & maker. Evidence.*

If the payee of a promissory note indorses and delivers the same to the indorsee, as collateral security for money advanced, the indorsement is irrevocable, and it vests the title to the note in the indorsee, and also the right to recover the whole amount due on the note against the maker.

And in such case, the indorsee would hold the surplus, after payment of his claim, as trustee of the payee of the note, or of his assignee.

In a suit brought by the indorsee of the note against the maker, testimony tending to prove, that the payee of the note has assigned his interest in the note, and that the indorsee holds the note as collateral security, and that the assignee has tendered to the indorsee the amount due to him from the payee, is inadmissible, and constitutes no defense for the maker of the note, as he must pay to the person legally entitled to receive it, and to the one the payee has ordered the contents of the note to be paid to.

In a suit by the indorsee against the maker of a promissory note, controverted matters, between the indorsee and payee, or one having his interest, cannot be properly determined, if the maker is a stranger to the transaction, and it in no way effects his liability on the note.

ASSUMPSIT upon a promissory note, for $300, dated the 3d day of November, A. D. 1850, and made payable to one Smith D. Sturtevant, or order, in six months, and sued by the plaintiff as indorsee.

Plea, the general issue, and trial by jury.

On the trial, the plaintiff gave in evidence the note declared upon, and proved its indorsement, by Smith D. Sturtevant, the payee, and rested.

The defendant then offered to prove, that the plaintiff received the note in suit from the payee, Smith D. Sturtevant, on the 11th day of November, 1850, as a pledge, or collateral security, for the sum of $125, then loaned by plaintiff to the said Smith D. Sturtevant; and that he then executed and delivered to said Smith D. his receipt for said note, specifying that he held it as such collateral security; that on the first day of Dec., 1850, Smith D. Sturtevant sold to one David F. Chapman, all his, the said Smith D.'s interest in said note and receipt, for a valuable consideration, and delivered to said Chapman the plaintiff's said receipt for said note, and also executed a written assignment to said Chapman of his, said Smith's title and interest in and to said note and receipt. That on the second day of December, 1850, said Chapman gave due notice to said Tarbell, the plaintiff, that he had thus purchased the interest of Smith D. Sturtevant in the said note. That subsequently, and before the commencement of this suit, said Chapman tendered to the plaintiff the amount of the plaintiff's lien upon said note, which sum the plaintiff refused to receive; that the writ in this suit was served upon the defendant the 3d day of June, 1851; and that on the 5th day of June, 1851, said Chapman tendered to the plaintiff the full amount of the principal sum, $125, loaned by the plaintiff to said Smith D. upon the pledge of the note, as above mentioned, together with the interest thereon and also the costs which had then accrued in this suit, and demanded the said note; that the plaintiff refused to receive the sum so tendered, or to deliver to said Chapman the said note; and that said Chapman thereupon, on the same day, commenced an action of trover against the plaintiff for said note, which suit is now pending; and that this suit is now prosecuted upon said note, without the consent and against the will of said Chapman.

To the admission of this testimony the plaintiff objected, and

Tarbell *v.* Sturtevant.

the court,—COLLAMER, J., presiding,—excluded the same, and directed the jury to return a verdict for the plaintiff, for the full amount of the note and interest.

Exceptions by defendant.

*Hebard & Martin* for defendant.

I. Had the plaintiff any interest in the note, by which he had a right to retain it?

If he had not, then could he maintain an action upon it against the maker?

We insist, that after the tender, he had no more right to retain the note than if he had found it in the street. At first he only had a special and limited interest in it, which was extinguished by the tender.

If he had accepted the tender, we suppose it would not be claimed that he could retain it, or maintain any action upon it.

II. Suppose Smith D. Sturtevant had given the maker a discharge, and the maker had then tendered to the plaintiff all his interest in the note. Would it then be claimed that the plaintiff could maintain an action against the maker?

III. Can it make any difference by whom the tender was made, provided it be made by one having an interest in the note? And does not a sale of the note to Chapman, as effectually defeat the plaintiff's action as a discharge by the payee?

IV. Why should Tarbell be allowed to recover the note after he had ceased to have any interest in it, or any legal right to retain or control it?

V. Chapman having made the tender, is bound to keep it good, and plaintiff may demand it of him whenever he chooses.

*J. S. Marcy* for plaintiff.

The evidence detailed in the bill of exceptions was properly excluded, and the verdict rightly ordered for the plaintiff, as there was no evidence offered which tended to constitute a defense. The tender and refusal did not divest Tarbell of his interest in the note.

Whether the transaction between plaintiff and Smith D. Sturtevant, and between him and Chapman, were as defendant claimed and offered evidence to prove, or not, was wholly immaterial to

the issue in this case. This defendant was not privy to, nor interested in, nor at all affected by them and cannot avail himself of them as a defense, unless a fraudulent possession of the note by the plaintiff is shown, of which there was no evidence or pretence. 4 U. S. Dig. 369 § 159. Supt. U. S. Digest Vol. 2 p. 648 § 1062, refers to *Guernsey* v. *Burns*, 25 Wend. 411. U. S. Annual Digest Vol. 4 (1850,) p. 371 § 194, refers to *Aspinwall* v. *Myer*, 2 Sanford 180.

The defendant's rights are not prejudiced by a suit in the name of this plaintiff, whoever might be the owner of the note.

The plaintiff had an interest in this note at the time this suit was brought even if the tender and demand made afterwards and offered in evidence cancelled that interest, which is denied.

A judgment on the note in favor of this plaintiff will be a bar to an action on the same by Chapman or any one else; and Chapman's remedy, if he has any claim, is by action against the plaintiff, which, this case shows, is already instituted and pending; and whether it avails him as a remedy or not, depends very much on what he shows on the trial, as we conceive of it—*Secundum allegata et probata.*

Chapman, as the case shows, knew that plaintiff claimed title to the note, as early as December, 1850, and knew that plaintiff had sued defendant for the recovery of the note, as early as June 5th, 1851, and before this suit was entered, but took no measures to notify defendant of his claim to the note, or to prevent the plaintiff recovering judgment in this suit, but relied on his remedy against Tarbell. *Hackett* v. *Kendall*, 23 Vt. 275.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. The evidence offered by the defendant, *as between these parties*, was properly rejected. If this suit had been brought against the payee of the note, who was the plaintiff's immediate indorser, the testimony possibly would have been admissible; for as between them, the effect of the tender, whether made by him or Mr. Chapman as his assignee, would directly arise. The plaintiff's interest in the note, as against the payee, was only to the extent of the money loaned or advanced, and a recovery would be limited to that amount. This suit, however, is not between these

parties, but is brought by the indorsee against the maker of the note. The question arises whether these facts constitute a defense for him; in other words, is the defendant as maker of the note, absolved, by that tender, from all legal obligation to pay.it to the plaintiff, to whom the payee has directed it to be paid. On this question, it is to be observed, that the defendant does not pretend but that he justly owes the debt; or that he has any defense, legal or equitable, which should shield him from the payment of it to some one. It is therefore quite immaterial to him, to whom he pays it, or who recovers upon it, provided when the payment is made, or a recovery had, it will bar any further claim on the note by others. When the maker has a good defense to the note as between him and the payee,.but is prevented from making it, in consequence of the note having passed into the hands of an indorsee, it may be proper to show the circumstances under which .the indorsement was made, as that it was indorsed to him past due, or that he is not, for other reasons, the *bona fide* holder of the note. This evidence may be proper in many cases, for the purpose of subjecting the note in the hands of the indorsee to a defense existing between the original parties. Aside from that consideration, where there is no illegality in the transaction, we apprehend, such testimony is inadmissible. There is a manifest impropriety in determining the controverted matters between the indorsee and the payee, or one having his interest, in a suit against the maker of the note, when the maker is a stranger to the transaction, and which in no way lessens, or affects his liability on the note.

The indorsement, in this case, was an order upon the defendant, and a direction to him, by the payee, to pay the amount of that note to the plaintiff; and as it was indorsed for money then paid or advanced, that indorsement was irrevocable. Chitty on Bills 268. It could not have been indorsed·for a less sum than was due on its face. Smith's Mer. Law 274. *Douglas* v. *Wilkinson*, 6 Wend. 637. Chitty on Bills 262. Its legal effect, therefore, was to vest in the plaintiff the title to the note, and the right to recover the whole amount due thereon, as against the maker, and hold the surplus, after the payment of his claim, as trustee for the payee, or Mr. Chapman as his assignee. In the case of *Bowman* v. *Wood*, 15 Mass. 534, the note was received as collateral security for a debt which was in the plaintiff's hands as sheriff. In that

case the court remarked " that the note was put into his hands as " a pledge, with the name of the promisee indorsed upon it. This " was a transfer sufficient to enable the plaintiff to maintain the " action; for the indorsement comprehended an authority to bring " a suit, and to receive the money of the promisor." The general rule is now well sustained by authorities, that when one receives a note as collateral security for money advanced at the time of the indorsement, or for any consideration then arising, the holder is treated as having received the note for value, and is entitled to recover the amount of the maker. Story on Bills § 192, and note 3. *Bosanquet* v. *Dadman*, 1 Starkie 1. Spring's Appeal 10 Barr. 235. *Swift* v. *Tyson*, 16 Peters 15.

We are satisfied from the authorities, that the title of the plaintiff to this note is sufficient to enable him to recover the amount of the maker, and that a payment to him will be a discharge of the maker's liability to others. Under these circumstances, the fact that it was received as collateral security for money then advanced, does not alter his liability to pay the note to the plaintiff. The testimony, so far as the maker of the note is concerned is wholly immaterial, and was properly rejected. It is the duty of the maker of the note to pay it to the person legally entitled to receive it, and to whom the payee has ordered its contents to be paid; and leave the plaintiff and the payee, or Mr. Chapman as his assignee, to settle their conflicting claims between themselves.

Judgment affirmed.

