KELTON (DEWEY v.). See Case No. 3,850.

## Case No. 7,681.

Ex parte KELTY et al.

In re STORMS et al.

[1 Lowell, 394.] [1]

District Court, D. Massachusetts. Nov., 1869.

BANKRUPTCY—PROMISSORY NOTES—PROOF BY PLEDGEE.

1. A pledgee in good faith and for value of promissory notes transferred to him before maturity can prove them for their full amount against the assets in bankruptcy of the promisors, whatever may have been the equities between the promisors and the pledgor.

2. But if there are such equities which would prevent the pledgor from proving, then the pledgee can receive in dividends only the amount for which he holds the notes in pledge.

3. Where such a pledgee, after the bankruptcy of the promisors, settled with the pledgor who was insolvent, and in the arrangement took the notes as payment for a certain sum, and the arrangement appeared to have been made in good faith, held, he might still prove for the face of the notes and receive dividends to the extent of the sum paid for them.

In bankruptcy. The petitioners [J. B. Kelty and others], merchants of New York, lent eight thousand dollars to one Blake, and took his note for that sum, and at the same time received from him as collateral security five notes of W. R. Storms & Co., in all amounting to considerably more than eight thousand dollars. These notes had, in fact, been given by Storms without the knowledge of his partner, and merely for the accommodation of Blake; but of this the petitioners had no notice. Before any of the collateral notes became due, the petitioners sold two of them, and indorsed the proceeds of sale upon Blake's note, which reduced the amount due from him to about three thousand six hundred dollars, for which they still held three notes of Storms & Co., amounting to seven thousand three hundred dollars. After the bankruptcy of Storms & Co., and after all the collateral notes were overdue, the petitioners made a

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

settlement with Blake by which they took the notes of Storms & Co., at ten per cent of their nominal value, and received the remainder of their debt in cash from Blake, who has since become bankrupt. The petitioners offered to prove the three notes against the joint estate of W. R. Storms & Co., with leave to receive full dividends. The assignees objected that they could only prove for ten per cent of their amount, being the rate at which they bought them.

J. C. Park, for petitioners.
B. F. Brooks, for assignees.

LOWELL, District Judge. I know of no law for restricting the proof on a note to the amount paid for it. If the argument for the assignees is sound, that the petitioners are to be in the position of purchasers of paper past due, they cannot prove at all, because the notes were void in the hands of Blake. If, on the other hand, they hold the position of bonâ fide purchasers or pledgees for value, they can prove for the full amount.

The general rule at law is that a pledgee of a negotiable note may recover the full amount. Bowman v. Wood, 15 Mass. 534; Tarbell v. Sturtevant, 26 Vt. 513; Manhattan Co. v. Reynolds, 2 Hill, 140. And the rule is the same in bankruptcy. There are many cases at law in which the holder can only recover the amount which he has honestly advanced on or paid for the note; as, for instance, if the pledgor, as here, had only borrowed the name of the promisor, because as the pledgee would be trustee of the pledgor for all sums recovered above his debt, and as the pledgor would be obliged to refund this surplus the moment he received it, his trustee might be restrained from receiving it. But in bankruptcy the proof of a debt is not its payment, and the rule there, founded on the same equities, is that the pledgee proves for the whole amount, but receives dividends only to the extent of the debt for which he holds the security. This is exact justice, and is well settled bankruptcy law. Ex parte Bloxham, 6 Ves. 449, 600; Ex parte Fairlie, 3 Deac. & C. 285.

At the first meeting of creditors in this case, then, the petitioners could have proved for the face of their collateral notes, and might have received dividends up to $3600. If they afterwards received payment of their debt and interest from Blake, they would have been restrained by the court of bankruptcy from taking any thing out of this estate; if they had been paid in part, they must give credit for that part. The assignees contend in effect that the settlement between Blake and the petitioners was a payment of their entire debt. But, upon the evidence, I cannot so consider it. So far as these petitioners were concerned, Blake and the bankrupts did not occupy the position of principal and sureties. The petitioners had the right to get what they could out of both, and there is nothing in the case to lead to the belief of any fraud or of a trust for Blake in the settlement, but rather that he paid all that he was able to pay, and that the petitioners expressly reserved their right of proof against Storms & Co., because they found this to be the best arrangement for themselves. While I agree that the rights of the petitioners are not to be enlarged after the bankruptcy, yet it would be unjust to hold that their good title as pledgees was merged in a defective title as purchasers. The rule of equity is that the party may hold by his best title. I think, therefore, the petitioners should stand as if they were still pledgees who had in good faith recovered what they could from the pledgor, and should have proof for the full amount of the notes, but should be permitted to receive dividends only to the extent of the ten per cent, or seven hundred and thirty dollars, with interest from January 14, 1869. Order accordingly.