## ALFRED BURY, et al., v. H. CONKLIN.

PRACTICE; *Summons; Waiver of Irregularities; Estoppel.* It is a general principle of law, with probably no exception, that where a party voluntarily appears to the merits of any controversy, he thereby waives all irregularities which may have intervened in getting him into court. Thus, where C., who was a resident of Crawford county, but was temporarily present in Bourbon county, was sued on a promissory note, and arrested in the latter county, and who, after being so arrested contested the grounds upon which the order of arrest was issued upon their merits, he cannot afterward, for the purpose of having the service of the summons and the order of arrest set aside, be allowed to show that he was induced by the plaintiff to come into Bourbon county, so that he might be sued and and arrested in that county.

### Error from Bourbon District Court.

ACTION brought by *Bury* and two others, against *Conklin*, on certain promissory notes. Trial at the September Term, 1878, of the district court, and judgment for the defendant. The plaintiffs bring the case to this court. The facts, pleadings and proceedings sufficiently appear in the opinion.

*Lowe & French*, for plaintiffs in error:

1. The motion filed and heard, June 7, 1870, was a *general appearance* in the action, and thus a waiver of service of

summons, and an admission of the jurisdiction of the court. The authorities all agree that the jurisdiction of the court must be questioned *in limine*, or the right thereafter to question it is waived; and that a general appearance in an action admits the jurisdiction of the court. (*Hefferlin v. Stucksla-ger*, 6 Kas. 166; *Cohen v. Trowbridge*, id. 385; *Hendrix v. Fuller*, 7 id. 337; *Carver v. Shelly*, 17 id. 472.)

2. The evidence offered by defendant in support of said motions wholly failed to sustain the same. (*Moore v. Pye*, 10 Kas. 247.)

*A. A. Harris*, and *W. H. Spencer*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on certain promissory notes. The defendant resided in Crawford county, but being temporarily present in Bourbon county, he was sued in the latter county. A summons and an order of arrest were duly issued and served upon him while he was temporarily present in Bourbon county. This was all done on June 1, 1878. On June 7, 1878, he filed a motion, supported by affidavits, which motions read as follows:

"And now comes the above-named defendant, H. Conklin, by his attorneys, A. A. Harris and W. H. Spencer, and moves the court to vacate and discharge the arrest of said Conklin, defendant, heretofore made herein, and to discharge said defendant from said arrest, and from custody, for the reason that the facts and alleged facts in plaintiff's affidavit filed herein, on which said order of arrest was issued, claimed to justify the belief in said grounds of arrest set forth in said affidavit, are wholly false and untrue, and that said order of arrest was by said plaintiff wrongfully obtained.

"H. CONKLIN.

"*Per A. A. Harris & W. H. Spencer, his Att'ys.*"

Thereupon, on said 7th day of June, 1878, the above motion came on for hearing before the judge of the district court of Bourbon county, at chambers, who refused and denied the same, which said ruling is as follows:

"Now, on this 7th day of June, 1878, appeared before me

at my chambers in Fort Scott, Kansas, the above plaintiffs, by C. O. French, their attorney ; as well appeared said defendant in person and by his attorney, W. H. Spencer, Esq., and thereupon said defendant, by his said attorney, presented me his motion to vacate the order of arrest heretofore issued herein, supported by affidavits; and plaintiffs also presented their affidavits resisting the same, and it appearing that plaintiffs have had due notice of the presentation of said motion to vacate said order of arrest, and having duly considered the premises and heard arguments of counsel, said motion is overruled and denied.        W. C. STEWART,

"*Judge Sixth Judicial District of Kansas.*"

On July 1, 1878, the defendant appeared specially, by his attorneys, and filed a motion to set aside the service of the summons issued in this case. On September 2, 1878, he again appeared specially, by his attorneys, and filed a motion to vacate the order of arrest issued and served in this case. These motions raised the same question, to wit, that the defendant had been sued in the wrong county, and therefore that the court should not take jurisdiction of the case. The grounds for each of said motions were substantially as follows: "The plaintiffs combined and confederated with one W. P. D. for the purpose and with the intention by fraud and a trick to induce the defendant to come out of Crawford county aforesaid into this (Bourbon) county, so that service of a summons could be made on him in this county," and "so that he might be arrested on an order of arrest in this action in this county instead of in Crawford county," "and for no other purpose or reason whatsoever," and that the defendant, because of these inducements, and for no other reason, went into Bourbon county, where said service and arrest were made.

These motions were heard together on September 20, 1878, on the same evidence. The defenses made by the plaintiffs to the motions were as follows: 1. The defendant, by making a general and voluntary appearance in the action and for a purpose other than to contest the jurisdiction of the court, waived all irregularities which may have intervened in bringing the action. 2. The plaintiffs did not directly or indi-

rectly induce, nor did they use any means to induce, the
defendant to come into Bourbon county, so that he might be
sued and arrested in that county.    Upon the evidence intro-
duced, the court sustained both of said motions — setting
aside the service of summons and vacating the order of arrest.
Was this error?   We think it was.   For while the evidence
as to whether the plaintiffs had induced the defendant to go
into Bourbon county, so that he might be sued and arrested
in that county, is very conflicting, and while it is difficult to
determine upon which side of this question the preponder-
ance of the evidence lies, yet there can be no doubt upon the
other question.    The defendant did unquestionably make
such an appearance in the action as will preclude him from
raising any question as to the regularity of the service of
the summons, and the service of the order of arrest.    If the
defendant had desired to raise the question as to whether he
was rightfully sued in Bourbon county or not, he should have
raised the question before making any appearance in the case,
except to raise such question, and before doing anything that
might unnecessarily increase the amount of the costs and ex-
penses, which some person will eventually have to pay.    If
the defendant had desired to have the service of the sum-
mons, and the service of the order of arrest set aside, he
should have made motions to that effect, before doing any-
thing else in the case.    But instead of doing this, he first
made a general appearance in the case "in person and by his
attorney," for the purpose of contesting the truth of the
grounds upon which the order of arrest was issued.    He
first chose to take his chances upon the merits of the order of
arrest, before moving to vacate it upon any technical grounds.
And by doing this, he admitted the jurisdiction of the court
to hear and determine the matter upon its merits.    And now,
after obtaining the decision of the court upon the merits of
the question, and after causing costs to be made in the case,
he cannot repudiate his submission to the jurisdiction of the
court.    Courts cannot be trifled with in that manner.    We
think it is a general principle of law, with probably no ex-

·ception, that where a party voluntarily appears to the merits ·of any controversy, he thereby waives all irregularities which may have intervened in getting him into court. This, how-·ever, would not prevent the court, in the exercise of a wise judicial discretion, from setting aside any service obtained by any gross abuse of judicial process. We have had occasion to examine similar questions before, and our decisions will be found in the following cases: *Hefferlin v. Stuckslager*, 6 Kas. 166; *Cohen v. Trowbridge*, 6 Kas. 385, 393; *Hendrix v. Fuller*, 7 Kas. 331, 337; *Carver v. Shelly*, 17 Kas. 472.

The judgment of the court below will be reversed, and ·cause remanded for further proceedings.

All the Justices concurring.