## EDWARD KRAPP v. E. W. ELDRIDGE.

1. SET-OFF — *Ruling, Not Res Adjudicata*. Where, in an action pending before a justice of the peace, an alleged set-off was contained in the answer, and the justice, in rendering judgment in the action, refused to consider or allow the demand, upon the ground that it was not yet due, and therefore not a legitimate set-off, *held*, that in a subsequent action brought to recover the amount of the set-off, the ruling and judgment of the justice did not establish that the matter was *res adjudicata* in the action tried before him.

2. ———— An account or claim for money not due may be transferred and assigned by the owner thereof without the consent of the debtor.

3. ASSIGNED ACCOUNT — *Interest of Assignee.* Where the owner of an account or claim transfers and assigns, in writing, the same to another person, such other person may maintain an action thereon in his own name, when the account or claim becomes due; and it is immaterial to the debtor whether the claim was given or sold to the assignee. The assignee of an account can take no rights which his assignor did not possess.

*Error from Wabaunsee District Court.*

ACTION by *Eldridge* against *Krapp*, to recover an attorney's fee. Trial at the October Term, 1883, when the plaintiff recovered a judgment for $100, and his costs taxed at $23.70. New trial denied. *Krapp* brings the judgment to this court for review.

*E. H. Sanford*, for plaintiff in error.

*H. A. Pierce*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: On September 5, 1882, Edward Krapp filed his bill of particulars before a justice of the peace of Wabaunsee county, against E. W. Eldridge, to recover $67.50. To this bill of particulars, E. W. Eldridge filed an answer, setting forth an alleged set-off, consisting, among other things, of $100, for attorney-fees in the case of the The State *v.* Wilfelt, alleged to have been rendered by James Carroll at the instance of Krapp, which Carroll transferred to Eldridge, in writing, on July 10, 1882. Upon the hearing of the case, the justice rendered judgment in favor of Krapp for $5.50 and costs, but refused to consider the alleged set-off of $100, on the ground that the fees were not due and not a legitimate set-off in the case. Subsequently, and on May 16, 1883, Eldridge brought an action before a justice of the peace of Wabaunsee county against Krapp to recover the attorney-fees of $100, and upon trial before the justice, judgment was rendered in his favor. Krapp appealed to the district court, and in that court Eldridge again recovered judgment. Krapp complains of this judgment.

First, it is urged that as the $100 contained in the answer

of the action of Krapp against Eldridge as a set-off was not withdrawn from the consideration of the justice before judgment, that the judgment in that action is a bar to any recovery on this claim. Not so. The justice refused expressly to pass upon or consider the claim, because it was not due at the commencement of that action, and therefore it was not adjudicated. The plea of *res adjudicata*, therefore, is not good. The attorney-fees in the case of The State *v.* Wilfelt were for services from March 3, 1882, to March 3, 1883, rendered under a contract that Carroll was to receive $100 for defending the said Wilfelt in a criminal prosecution pending against him for assault with intent to kill. The services were to end with the defense of Wilfelt in the district court.

The transfer by Carroll to Eldridge was made on July 12, 1882. It is therefore urged that as the attorney-fees were not due at the date of the written assignment from Carroll to Eldridge, the assignment was void. Such is not the law. "If rights are vested, or possibilities are distinctly connected with interest or property, they may be sold." (1 Parsons on Contracts, 5th ed., p. 523.)

Again, "Any right under a contract, either expressed or implied, may be transferred." (Id. 223.) This is so, whether the amount of the contract is due at the time of the assignment, or to become due thereafter. At common law, the transfer of a chose in action was forbidden. Under the code, the old common-law doctrine as to the assignment of choses in action has been materially departed from. (Code, §§ 10, 26, 27, 28.)

Counsel cites authorities under the common law, but these are not applicable in the present case. At common law, the courts of equity for a long time disregarded the rule forbidding the transfer of a chose in action, and, as a general rule, they permitted the assignee of a chose in action to sustain a suit in his own name, if he could go into equity at all. In some cases of a transfer of a chose in action, the device was adopted of allowing the assignee to sue in the name of the assignor. In this case, although the assignment was made before all of

the attorney's services were rendered, yet the action was not brought to recover the same until Carroll had performed his contract, and the attorney-fees had become due.

Finally, it is urged that the trial court committed error in not compelling Eldridge to answer, upon cross-examination, "what he paid for the account." The amount he paid was immaterial. The account was transferred and assigned in writing to him, and to this writing Carroll had attached his signature. Where an account is assigned absolutely, so that the assignee becomes in fact the owner thereof, he is the real party in interest. As Carroll had transferred in writing this account to Eldridge, it was immaterial to Krapp whether he had given it to him or sold it to him. After such transfer and assignment, Eldridge was the only person entitled to maintain an action therefor. Of course, Eldridge, as assignee, had no rights which his assignor did not possess. Krapp was entitled to make all defenses against the account in Eldridge's hands which he might have made if the action had been brought in the name of Carroll.

The judgment of the district court must be affirmed.

All the Justices concurring.