PETER WINTERMUTE v. JOHN TORRENT AND NATHAN PLATT.

*Bills and notes—Action by indorsee for collection only—Partnership articles—Limitation of authority of partner.*

1. An agent to whom negotiable paper is indorsed for collection may sue thereon in his own name (*Moore v. Hall*, 48 Mich. 143) if his indorser could have maintained the action.

2. Articles of partnership provided that the managing partner should not run the firm in debt without the consent of his copartner, who agreed to loan the firm what money was needed from time to time to keep up the stock, and who was to be its only creditor. The managing partner gave the firm note to himself, as guardian, for money belonging to his wards, which was used in the partnership business, and after the note

was past due he indorsed it to a third party for the *sole* purpose of having it sued in the indorsee's name, who brought suit accordingly. And it is held that the managing partner had no power to make the note and bind the firm in the face of the partnership articles.

Error to Muskegon. (Dickerman, J.) Argued November 21, 1890. Decided December 5, 1890.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Bunker & Carpenter,* for appellant, contended:

1. Platt, being a general partner, will be presumed to have had authority to make the note in question, and the burden was on the defendants to show the contrary; citing *Littell v. Fitch,* 11 Mich. 525; *Carrier v. Cameron,* 31 Id. 373; and on this issue the only evidence tendered were the articles of partnership, which should have been construed by the court; citing *Thompson v. Richards,* 14 Mich. 172; *Curtis v. Martz,* Id. 506; *Dudgeon v. Haggart,* 17 Id. 273; *Battershall v. Stephens,* 34 Id. 68; *Stadden v. Hazzard,* Id. 76; *Paine v. Ringold,* 43 Id. 341; *McKenzie v. Sykes,* 47 Id. 294; *Gage v. Meyers,* 59 Id. 301; *Tompkins v. Gardner & Spry Co.,* 69 Id. 62; and the question of Platt's authority to bind the firm by making the note was also for the court; citing *Tobacco Co. v. Jenison,* 48 Mich. 460.

*Smith, Nims, Hoyt & Erwin,* for defendant Torrent.

*Frank H. Bassett,* for defendant Platt.

LONG, J. This suit was brought to recover the amount due on the following promissory note:

"$1,000.          MUSKEGON, MICH., April 12, 1888.
"Three months after date we promise to pay to the order of Nathan Platt, guardian, one thousand dollars, at the Merchants' National Bank, Muskegon, Michigan, for value received, with interest at the rate of eight per cent. per annum.
                                        "NATHAN PLATT & CO."

The note was indorsed as follows:

"Pay to the order of Peter Wintermute.

"NATHAN PLATT, Guardian."

The cause was commenced by declaration on the common counts in *assumpsit.* Defendant John Torrent pleaded the general issue, and filed an affidavit denying the execution of the note.

It appears that prior to December 13, 1886, the defendants, Torrent and Platt, were copartners in business, under the firm name of Nathan Platt & Co. On that day, notice was given by them of a dissolution of the partnership, which notice contained the statement that—

"All debts and liabilities of said copartnership have been assumed and are to be paid by said Nathan Platt, and all debts owing to the firm are to be settled with him."

It appears that the debts at this time amounted to some $15,000 and upwards. On December 29, 1886, a new copartnership was formed between the parties, under the same name,—Nathan Platt & Co.,—to which, as shown by the articles of partnership signed on that day, Platt contributed $15,000 in goods, and Torrent $5,000 in money or its equivalent. Platt was to give his personal attention to and take charge of the business, and to receive a salary of $1,500 per annum. The stock to be carried was not to exceed $25,000 without Torrent's consent obtained in writing. Torrent agreed that he would from time to time loan to the firm sufficient moneys for the purpose of purchasing goods as the same might be needed for that purpose, such loans to be evidenced by the firm's promissory notes, payable to the order of Torrent, and bearing interest at 7 per cent. Platt was to have three-fourths and Torrent one-fourth of net profits. The partnership articles contained the following clause:

"It is further expressly agreed that no goods, wares,

merchandise, or property shall be purchased by or for the firm on credit, but all such purchases shall be made for cash, and paid for according to the usual custom in such cases, taking advantage of advance dating of bills; otherwise, second party is to be the only creditor of the firm."

Defendant Nathan Platt is the guardian of certain minors, being duly appointed thereto by the probate court of Muskegon county. As shown by his testimony given upon the trial, he gave Nathan Platt & Co. a check for $1,000 upon the Merchants' National Bank of Muskegon, signed by himself as guardian of these minors. For this check, he gave the note of Nathan Platt & Co. to himself, as guardian, for $1,000, this being the note in suit. He testifies that the check went into the bank to the credit of the firm of Nathan Platt & Co., and made the journal entry on their books "Merchants' National Bank to N. Platt, guardian, check for our note at three months, interest at eight per cent." This was charged to the bank in that entry, and credited to bills payable, and went into bills payable of the firm. Mr. Platt testifies that the special occasion for making this note and procuring the money was that the firm of Nathan Platt & Co. owed a note to E. S. Jaffray & Co. for about $500; that he sent them a renewal note, which they declined to accept, and returned it, and demanded its immediate payment; and that the necessity of paying the note was the occasion of borrowing this money from himself as guardian, and to meet some other matters that were necessary to be met about that time.

It was insisted by Mr. Platt upon the hearing that he was not to pay the debts of the old firm, but that they were to be paid out of the funds of the new concern, and he so testified. It appears further from his testimony that the money arising from this note was used in the firm business, either in the payment of some of this

old indebtedness or in the purchase of goods. Mr. Torrent never had any knowledge of the making of the note, until more than a year after it became due. Platt went through the formality when the note became due—three months from its date—of placing the same in the bank where it was made payable, and indorsing it over to the bank for collection against Nathan Platt & Co., signing the order for collection as "Nathan Platt, Guardian." The note was not paid, and some time about a year after it became due he took the note from the bank to the office of his attorney, where it was indorsed to the plaintiff in this case. The plaintiff testified that he had no interest whatever in the matter, and all he knew about it was that the attorney of Mr. Platt called his attention to the matter, and said they wanted to have the note indorsed for convenience over to him, and sued in his name, and he said they might, if Mr. Torrent made no objection; and he was, as he says, assured by them that Mr. Torrent was willing it should be done. Substantially these are the facts as they were made to appear upon the trial in the Muskegon circuit court before the jury.

The plaintiff's counsel requested the court to direct the verdict for the plaintiff, which was refused. The court gave two of the defendants' requests, as follows:

"1. If, at the time this suit was commenced, the plaintiff, Wintermute, did not own the note in question, and had no interest in it, your verdict must be for the defendants.

"2. If, at the time the note in question was signed, the defendant Nathan Platt had no right or authority to sign the firm name of Nathan Platt & Co., or to execute the said firm's note to any person other than to said John Torrent, and Nathan Platt, guardian, knew or had notice of that fact, your verdict must be for the defendants."

The verdict and judgment were for the defendants. Plaintiff brings error.

As an abstract proposition, the court was in error in giving the first request of defendants' counsel in his charge to the jury. The note was properly indorsed over to the plaintiff, and such indorsement conveyed the legal title to him. Having the legal title, he had the right to sue, and could maintain the action if Platt could have maintained it, though he had no equitable interest in it. Negotiable paper may always be sued by the party having the legal title. *Bachelder v. Brown*, 47 Mich. 366. And even an agent to whom negotiable paper is indorsed for collection may sue thereon in his name. *Moore v. Hall*, 48 Mich. 143. But an indorsee in such case could not maintain an action where the indorser could not have maintained it. Platt could not have brought the action in his own name as guardian, and maintained it, and the plaintiff could not maintain it in his name, for he could not acquire any greater rights, or be put in any better position, than Mr. Platt, as guardian, stood. It is not shown that the partnership affairs had been wound up, or any settlement had between Torrent and Platt. The presumption is, from what appears upon the record, that the partnership still continues, so that we have Mr. Platt, as guardian, the real party in interest, bringing suit, in the name of Wintermute for collection merely, against Nathan Platt & Co., and that in the face of an agreement on the part of Mr. Platt, individually, that he would not run the partnership in debt without the consent of Mr. Torrent, and that Mr. Torrent should be the only creditor of the firm.

Partners between themselves may enter into any lawful stipulations they like, and these are binding upon them. These agreements will not, however, bind third parties who did not know of the agreements. But, in this case, Mr. Platt attempts to bind Mr. Torrent upon

a contract which it was agreed should not be made, and seeks to enforce it upon the plea that he was guardian of these minors when he loaned the money to the firm, and it having, as he claimed, gone into the business for the benefit of the partnership. The rights and equities of these minor children do not enter into this controversy. When that question shall arise, it will be time to look after their interest. But, upon this record, the question is one purely of the right of Platt to make this note and bind the firm in the face of the partnership articles. It must be held that he had no such power. The fact that the court erred in giving the first of the defendants' requests under the view we have of the other question was error without prejudice.

The judgment must be affirmed, with costs.

The other Justices concurred..