WOODBURY, APPELLANT, v. HINCKLEY, APPELLEE.

1. COMMERCIAL PAPER—DEFENSES.

An indorsement of a promissory note after maturity passes the title, but does not prevent the maker from interposing any defense he had against the payee.

2. COMMERCIAL PAPER—PRACTICE.

Questions as to the ownership of the note sued on which was transferred after maturity are of no importance to the defendant. Such questions only become important when the transfer prevents a defense.

3. ERROR, WHEN CURED.

After the overruling of a motion for a nonsuit the error is obviated by evidence of the party in his own behalf, which supplies the defect existing in that of the plaintiff.

*Appeal from the County Court of Arapahoe County.*

Messrs. NORRIS & HOWARD, for appellant.

Mr. RALPH TALBOT, for appellee.

REED, J., delivered the opinion of the court.

Suit was brought before a justice of the peace upon a

note of $200, with interest, dated February 5, 1890, exe-
cuted by appellant, payable to the order of George R. Smith;
on July 1st following, was indorsed in blank by the payee.
It appears to have been established and conceded upon the
trial that the note was indorsed after maturity, consequently,
was open to any defense the maker had against the payee.

Prior to February 1st, the date of the note, Woodbury,
Smith and one Simmons had been partners in business.    On
that date appellant bought Smith's interest in the business
and the partnership was dissolved.    In the purchase of such
interest, the note in question was made, also another matur-
ing later.    At the time of the purchase and dissolution, as
appeared by the partnership books, Smith owed the other
members of the firm near $200.    Upon the trial appellant
claimed to have bought the account from his partners, and
attempted to set it off against the note.    It was contended
by the plaintiff that appellant assumed such indebtedness of
Smith at the time of the purchase, and that the notes were
given for the balance.    The court so found with the excep-
tion of one item of about $12.00, which was allowed as a set-
off.    An appeal was taken to the county court from the
judgment of the justice of the peace; a trial had to the
court, judgment for plaintiff for $195.55, sustaining the
judgment below.    Appeal was taken, and the case came into
this court.

Upon the trial the note was offered in evidence; it was
objected to because the signature of the maker had not been
proved, and it was not shown that the plaintiff was the owner
of the note.    The objection was overruled, note admitted in
evidence, and plaintiff rested.    Defendant moved for a non-
suit on the same grounds contained in the objection above
stated.    The motion was denied, and the denial assigned for
error.    This is the only error relied upon in argument.

The note was negotiable, the title passed by the indorse-
ment, its transfer after maturity was conceded, and the de-
fendant allowed to interpose any defense he had against the
payee; consequently, it was to the defendant a matter of no

importance who owned the note. Such questions only become important when the transfer prevents a defense.

It is very doubtful under our statute whether plaintiff is required to prove the execution of the note unless its execution is denied under oath, but it is not necessary to decide the question in this case. Instead of relying upon his motion for a nonsuit, defendant went on and interposed his defense, himself testifying to its execution and delivery. "After the overruling of a motion for a nonsuit the error is obviated by evidence of the party in his own behalf, which supplies the defect existing in that of the plaintiff." *Railway Co. v. Henderson*, 10 Colo. 1; *Jennings v. First Nat'l Bank*, 13 Colo. 417.

This supposed error being the only one relied upon by counsel, and the judgment being warranted by the evidence, it will be affirmed.

*Affirmed.*