### EDWARD LINNEY v. A. A. THOMPSON *et al.*
#### No. 88.

1. JURISDICTION—*Questioned too Late.* A defendant who appears in court and applies for a change of venue, and thereafter answers to the merits of the action and goes to trial without objection, submits himself to the jurisdiction of the court, and cannot question the jurisdiction as to his person, even though a defense on that ground be included in his answer.

2. PROMISSORY NOTE—*Holder of Legal Title May Sue.* The indorsee and holder of a negotiable note which is regularly transferred to him by a written indorsement in full is vested with the legal title thereto, and may maintain an action thereon against the maker, in his own name, as the real party in interest within the meaning of the code, no prior holder claiming any interest therein; and it is immaterial in such case what may be the equities and relations existing between the indorsee and his indorser as to the proceeds of the note.

MEMORANDUM.—Error from Ottawa district court; R. F. THOMPSON, judge. Action by Edward Linney

against A. A. Thompson and others on a promissory note. Judgment for defendants. Plaintiff brings the case to this court. Reversed. The opinion herein, filed June 4, 1896, states the material facts.

*Kennett, Peck & Matson*, for plaintiff in error.

*A. H. Ellis*, and *F. T. Burnham*, for defendants in error.

The opinion of the court was delivered by

GARVER, J. : The only question presented in this case is as to the right of the plaintiff in error, who was the plaintiff below, to maintain the action. Two phases of the question are presented : (1) As to the jurisdiction of the court over the persons of the defendants ; (2) as to the right of the plaintiff to maintain the action in any event. The action is based upon a negotiable note executed by the defendants in favor of one C. W. Culp, by Culp indorsed and transferred to C. W. McDonald, and by McDonald indorsed to the order of the plaintiff, Linney. To the petition of the plaintiff the defendants answered : (1) A general denial ; (2) that the note was materially altered after its execution, without the knowledge or consent of the defendants, by erasing therefrom the name of one of the makers ; (3) failure of consideration ; (4) that the plaintiff was not the *bona fide* owner and holder of the note, and was not the real party in interest — that one C. W. McDonald was the real owner of said note, and that the same was transferred by McDonald to the plaintiff solely for the purpose of enabling suit to be brought against defendants in Cloud county (of which county said McDonald was a resident), and summons served on them in other counties. To such answer the plaintiff replied, denying all said allegations, and alleging cer-

tain proceedings in the district court of Mitchell county between said defendants and C. W. Culp, wherein the matters set up in the third defense of the answer were fully adjudicated and settled. Upon the issues so joined, a trial by jury was had in the district court of Ottawa county, on a change of venue from Cloud county, and a judgment rendered for the defendants.

Whatever may be said as to the jurisdiction of the persons of the defendants at the time of the commencement of the action in the district court of Cloud county, we think any objection on that ground has been waived by the subsequent proceedings had in the case at the instance of the defendants. If McDonald, upon whom the summons was served in Cloud county, was not a proper party defendant to the action, and was brought in collusively, and merely for the purpose of enabling a summons to be issued out of the district court of that county and served upon the defendants in Jewell and Mitchell counties, the defendants could successfully attack the jurisdiction so obtained. This they attempted to do by a motion, which was sustained by the district court; but on proceedings in error the decision was reversed by the supreme court, upon the ground that, as jurisdiction depended upon the plaintiff's ownership of the note, the question could not be raised and decided upon motion. (*Linney v. Thompson,* 44 Kan. 765.)

The action was commenced April 9, 1887. After its return from the supreme court, and on January 25, 1891, the defendants filed their motion asking that the place of trial be changed to Ottawa county, for the reason that Hon. F. W. Sturges, who was then judge of the district court of Cloud county, had been of counsel in the case. This application was granted,

and the cause sent to Ottawa county for trial. On March 13, 1891, the defendants filed their answer in the district court of Ottawa county, and the case thereafter proceeded to final judgment, as above stated. So far as the record discloses, no special objection to the jurisdiction of the court, after the overruling of the defendant's motion, was made; all further controversy, apparently, was as to the right of the plaintiff to maintain the action in any court. But conceding that the defendants still relied upon the objection to jurisdiction, we think it must be held that such objection was waived, and that jurisdiction vested in the court by reason of their voluntary general appearance. This was first done by their appearance in the district court of Cloud county and submitting to said court their application for a change of the place of trial. Again, they not only filed an answer setting up defenses to the merits of the action which had no connection with the question of jurisdiction, but they also went to trial upon such defenses, without objection, and without asking that the matter of jurisdiction be first determined. The rule is well settled in this state that the voluntary appearance of a defendant, for any other purpose than to contest the jurisdiction of the court over his person, will confer such jurisdiction. (*Bury v. Conklin*, 23 Kan. 460; *Greenwell v. Greenwell*, 26 id. 530; *Meixell v. Kirkpatrick*, 29 id. 679; *Life Association v. Lemke*, 40 id. 142; *Anderson v. Burchett*, 48 id. 781; *Wells v. Patton*, 50 id. 732.)

The facts in this case bring it clearly within the rule laid down in the above cases. Upon the trial, the defendants invoked the judgment of the court upon defenses made to the plaintiff's cause of action. Had the decision thereon been in their favor, they

46—KAN. APP.

certainly could avail themselves of the advantage thus gained. But how could they do so if at the same time they be permitted to assert that the court had no jurisdiction to determine anything? This seems to be admitted by the defendants' counsel, who state in their brief:

"The question raised by the defendants in their answer as to the ownership of the note was not one going to the jurisdiction, but was a defense attacking the very merits of the case. We insisted that Linney was not the owner of the note, and this contention on the part of the defendants was proven to the satisfaction of the jury, and they expressly found that the plaintiff did not own the note, and there was a further finding to the effect that C. W. McDonald was the owner; and under this finding of the jury Linney could not, in Cloud county, or in any other county, maintain an action against the defendants."

Apart from the question of jurisdiction, can the plaintiff maintain this action? We think he can. Being a negotiable note, McDonald's indorsement vested the plaintiff with the legal title thereto. In law, for the purpose of suing thereon, that made him owner. If transferred after maturity, as is claimed, it would be subject in the hands of the plaintiff to all equities and defenses to which it was subject in the hands of McDonald. For the purpose of establishing two of the defenses set up — a failure of consideration, and a material alteration of the note — the defendants had a right to show that the plaintiff took the note under circumstances which would make such defenses available against him. Beyond that, however, it was immaterial to inquire. Whatever cause of action existed was, by the indorsement and transfer of the note, vested in the plaintiff. The payee and C. W. McDonald (the plaintiff's indorser), being parties to

the action, were concluded by any judgment rendered therein. It is no concern of the defendants to whom they pay the note, or with whom they adjudicate the questions arising concerning it, if such payment or adjudication relieves them from all responsibility to every other person. It does not matter that the plaintiff may have paid nothing for the note, or that McDonald may expect eventually to receive the money collected thereon. Being legal owner of the instrument, the plaintiff is, in law, "the real party in interest," and may sue thereon in his own name. Any other rule would permit the maker of a note, as against an indorsee and holder, to introduce questions entirely foreign to the merits of the cause, and to obtrude inquiries regarding the business dealings of other persons which in no wise concern him or affect his rights in litigation. This is especially true with reference to an action upon a negotiable note brought by one having possession thereof under regular indorsement from the payee to him. While some decisions apparently hold to the contrary, the great weight of authority recognizes the right of the indorsee and holder of a negotiable note to maintain an action thereon, in his own name, against the maker, without regard to the equities and relations existing between such indorsee and his indorser. (*Brown v. Penfield,* 36 N.Y. 473; *Allen v. Brown,* 44 id. 228: *Sheridan v. Mayor,* 68 id. 30; *Wintermute v. Torrent,* 83 Mich. 555; *Elmquist v. Markoe,* 45 Minn. 305; *Mumford v. Weaver,* 31 Atl. Rep., R. I. 1; *Spence v. Robinson,* 35 W. Va. 313; *Tarbell v. Sturtevan,* 26 Vt. 513; *Caldwell v. Lawrence,* 84 Ill. 161; *Bassett v. Inman,* 7 Colo. 270; *Woodbury v. Hinckley,* 3 Colo. App. 210; Bliss, Code Pl., § 51.)

The supreme court of this state has recognized and applied the rule, in the case of a written assignment

and transfer of an account, in *Krapp v. Eldridge*, 33 Kan. 106, in which HORTON, C. J., delivering the opinion of the court, said :

"The account was assigned and transferred in writing to him [the assignee], and to this writing Carroll [the assignor] had attached his signature. Where an account is assigned absolutely, so that the assignee becomes in fact the owner thereof, he is the real party in interest. As Carroll had transferred in writing this account to Eldridge, it was immaterial to Krapp [the defendant] whether he had given it to him or sold it to him. After such transfer and assignment, Eldridge was the only person entitled to maintain an action therefor. · Of course Eldridge, as assignee, had no rights which his assignor did not possess." See, also, *Walburn v. Chenault*, 43 Kan. 352.

It is assumed by counsel for defendants that the supreme court has expressly decided that this action could not be maintained by the plaintiff, if he was in fact not the real owner of the note. Some of the language used in the opinion when the case was before that court may be capable of that construction ; but certainly no such question was before the court, or really considered by it. If the ownership of the plaintiff depended upon the existence of certain facts, and such facts were shown not to exist, his action would, of course, necessarily fail. But here the facts alleged as evidence of ownership are the written indorsement and transfer of the note to the plaintiff. Such indorsement and transfer are admitted, their legal effect only being a subject of dispute. The supreme court has never said that the indorsee of a negotiable note could not maintain an action thereon in his own name, against the maker, under the circumstances of this case.

The special findings of fact show that the general verdict was based solely upon the finding that the

plaintiff was not the real owner of the note, and that, therefore, he could not maintain an action thereon. As the instructions of the court authorized such a verdict, they were in this respect erroneous.

For the reasons above given, the judgment must be reversed, and the case remanded for a new trial.

All the Judges concurring.