(8 App. Div. 27)
### QUEEN CITY BANK v. HUDSON et al.

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

ACTION ON NOTE—ANSWER—DENIAL OF PLAINTIFF'S TITLE.

A denial in the answer that the payee of the note sued on "for value indorsed and transferred said note to plaintiff, as alleged in said complaint," is insufficient to put plaintiff's title in issue, as the indorsement and transfer are not denied, but only that they were made for value.

Appeal from special term, Erie county.

Action by the Queen City Bank against Fred W. Hudson and Sarah E. Short on a promissory note, of which defendants were maker and indorser, respectively. Judgment was ordered for plaintiff, on the ground that the answer of defendant Hudson, who alone appeared and defended, was frivolous, and defendant Hudson appeals. Affirmed.

The opinion of Mr. Justice SPRING, at special term, is as follows:

The action is on a promissory note made by the defendant Hudson to the order of his co-defendant. The complaint alleges that the payee, "for value, and before the maturity of said note, duly indorsed and transferred the same to the plaintiff, which thereupon became, and still is, the sole, true, and lawful owner thereof." The averment of denial of defendant Hudson, who alone answers, is as follows: "That he has no knowledge or information sufficient to form a belief as to whether or not said defendant Sarah E. Short, for value, indorsed and transferred said note to said plaintiff, as alleged in said complaint, or otherwise, and therefore denies the same." The contention of the defendant is that this is a denial of the indorsement and transfer of the note to plaintiff, which is an issuable averment. Taylor v. Smith (Sup.) 8 N. Y. Supp. 519; Bank v. Inman, 51 Hun, 97, 5 N. Y. Supp. 457. The vice in the denial is that it does not deny the indorsement and transfer, but that they were made for value, which is an immaterial averment. Whether the plaintiff's title came by gift, or was based upon a valuable consideration, is unimportant in this case; but the significant inquiry is as to whether it obtained title by indorsement and transfer from the payee, and that fact is not covered by the quoted allegation in the answer. If the defendant possessed knowledge of the indorsement and transfer of this note, no indictment for perjury could be based upon the denial, for he could say that he simply denied that the indorsement and transfer were for value, and an inspection of the answer would sustain this contention. Nor does the phrase "or otherwise" shield defendant from the defective pleading, for that limits the consideration of the transfer; that is, defendant has no knowledge whether the transfer was made for value or otherwise, whether with or without consideration. The averment is skillfully drawn to place stress upon the quid pro quo, and evade any denial of the facts which vest title and possession in the plaintiff, as alleged in the complaint. See Morrill v. Morrill, 26 Cal. 288–292; Frasier v. Williams, 15 Minn. 288 (Gil. 219).

The complaint, after alleging the indorsement and transfer, avers that thereupon the plaintiff became, and still is, the true and lawful owner and holder thereof. While, ordinarily, such an allegation is a conclusion of law, it does show the basis of the holder's title to be the transfer and indorsement specifically set forth. The fact that the answer fails to deny this possession or title is significant in stamping the pleading as an evasive one, and confirms the construction I have given to the denial that it was cunningly framed, not to test the question of the plaintiff's title, but to edge in a controversy over an immaterial averment.

The defendant's counsel cites several authorities in support of the proposition that an averment in the form of a negative pregnant, following the language of the complaint, is good. That may be true where an inspection of the pleading shows the design of the defendant is to put in issue a material

allegation of the complaint. It is not then so important in what form the denial is couched, if the scope of the allegation is obvious. The infirmity here descends a stratum below the mere form in pleading, for to my mind it is prepared, not to deny in any manner the indorsement and transfer, but that it was based on value. I am aware that, where the defendant has no knowledge or information sufficient to form a belief as to a material allegation set forth in the complaint, a qualified denial setting forth such lack of knowledge or information is permissible; but in that case, as in every other, the detail must be specific, and unequivocally put in issue material allegations in the complaint. Under such a qualified denial, the defendant certainly cannot be allowed to incorporate in his answer an evasive averment merely for the purpose of delay, and I am thoroughly impressed that such was the intention in interposing the answer in controversy.

Judgment is ordered for plaintiff, on the ground that the answer is frivolous, with $10 costs.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

F. Greiner (J. W. Russell, of counsel), for appellant.
Marcy & Close (William L. Marcy, of counsel), for respondent.

PER CURIAM. Order affirmed, on the opinion of SPRING, J., delivered at special term, with $10 costs and disbursements.

---

(7 App. Div. 339)

### In re GREEN'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

TRANSFER TAX—PROPERTY CONVEYED TO TRUSTEE.

A conveyance of personal property to a trustee to collect and apply the income to the use of the grantor as long as she should live, and after her death to divide the property among certain persons, becomes effective on the execution of the deed and the delivery of the property, though the deed also provides that it "may at any time be modified or vacated by an instrument in writing to be executed by me [grantor] and by the said trustee," and such property is not taxable under the transfer tax law.

Appeal from surrogate's court, New York county.

Appraisal of the estate of Sarah H. Green, deceased, for taxation under the transfer tax law. The surrogate held that the property was not taxable, and the comptroller appeals. Affirmed.

The opinion of Surrogate FITZGERALD is as follows:

This is an appeal from an order entered herein fixing the transfer tax. The decedent died in the city of New York, where she resided, on the 21st day of May, 1893. She left a will, dated January 30, 1889, and a codicil, dated February 1, 1893, both of which were admitted to probate. Prior to her death, and on February 14, 1889, she executed and delivered to a trustee a trust deed, by which she assigned, transferred, and delivered to him, as trustee, certain securities. This trust deed provided that the trustee and his successors should hold the bonds in trust to collect and receive the income and interests thereon, and of all investments thereof, and apply the same to the use of the said decedent as long as she should live; and from and after her death the trustee was to divide and pay over the securities and proceeds thereof in equal shares amongst certain nieces named. That said deed also contained the following provision: "(3) Provided, however, that this instrument may at any time be modified or vacated by an instrument in writing to be executed by me and by the said trustee or his successor or successors." The trustee was empowered by the said deed to dispose of the