# CITIZENS' NAT. BANK v. WARNER & JACKSON.

No. 1273.    Opinion Filed September 11, 1912.

Rehearing Denied October 22, 1912.

(127 Pac. 388.)

**BILLS AND NOTES**—Action on Note—Denial of Validity.  Where, in a suit against the maker on two promissory notes commenced by the indorsee of the payee in what was then Indian Territory prior to the admission of the state into the Union, defendant pleaded, in effect, the general issue, but failed to deny their genuineness by affidavit before the trial began, pursuant to Mansf. Dig., sec. 2872 (Ind. T. Ann. St. 1899, sec. 1987), held, that the court did not err in rejecting defendant's offer to prove that A., the president of the defendant bank, had no authority to sign its name thereto.  Held, further, that the court did not err in rejecting defendant's offer to prove that plaintiff paid no consideration for the notes, but had obtained their indorsement from the payee therein by paying off two certain mortgage notes originally made payable to said A. and by him indorsed to the payee as collateral to secure the payment of said notes.

(Syllabus by the Court.)

*Error from District Court, Atoka County;
A. T. West, Judge.*

·Action by Warner & Jackson against the Citizens' National Bank.  Judgment for plaintiffs, and defendant bring error.  Affirmed.

*J. M. Humphreys* and *Ralls Bros.,* for plaintiff in error.

*D. H. Linebaugh, Arthur G. Moseley,* and *Victor J. Miller,* for defendants in error.

TURNER, C. J.   On December 8, 1906, Fred W. Warner and J. A. Jackson, partners doing business as Warner & Jackson, defendants in error, sued the Citizens' National Bank of Atoka, plaintiff in error, in the United States Court for the Indian Territory, Central District, sitting at Atoka.   The complaint, after stating the residence of the respective parties, and that the defendant was engaged in the banking business at Atoka,

further alleged that on March 20, 1906, the defendant, for value, executed and delivered to the Missouri-Lincoln Trust Company, of St. Louis, Mo., or order, its two certain promissory notes, due October 1, 1906, and November 1, 1906, respectively, the first being for $4,000, with interest, and the second for $2,500, with interest; that before maturity said notes for value received by the Missouri-Lincoln Trust Company, the payee therein, were duly indorsed and delivered to plaintiffs, "whereby they became in all respects the property .of said plaintiffs"; that said notes were due and unpaid after presentation and demand of payment. After filing copies of said notes as a part of their complaint, plaintiffs prayed judgment thereon in all for $7,500. After demurrer filed and overruled defendant answered, in effect, a general denial, verified by one of its attorneys. There was trial to a jury and judgment for plaintiffs, and defendant brings the case here.

There is no merit in the contention that the complaint fails to state facts sufficient to constitute a cause of action. After plaintiffs had made out a *prima facie* case, and introduced the notes in evidence, defendant offered to prove that W. W. Allen, president of the defendant bank at the time the notes were executed, had no authority from the bank to sign its name thereto. The court excluded this evidence. This is assigned for error. Defendant's plea of the general issue or a general denial did not put in issue the authority of the agent to execute the notes. Under the Arkansas practice, which governed (*Pac. Mut. Life Ins. Co. v. Adams,* 27 Okla. 496, 112 Pac. 1026), a plea of the general issue amounted to nothing. In *McIlroy v. Buckner,* 35 Ark. 555, the court said:

"The Code provides (Gantt's Digest, sec. 4569) that the answer shall contain 'a denial of each allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief,' and also, if necessary, 'a statement of any new matter constituting a defense, counterclaim or set-off.' In estimating the force and effect of the decisions in the code states in settling the practice under what is called the new system of procedure, we must carefully distinguish between the language of their several Codes. Whilst the general features of the new system are the same in all the states

which have substituted it for the old common law and statutory system, there are still differences amongst the several state Codes, which, if overlooked, would make the decisions of one state unsafe precedents for another. With regard to the answer, these differences are material. In some states a general denial is expressly permitted. This is omitted in our Code, which, as above quoted, requires a denial of each controverted allegation; and further provides that every material allegation in a pleading not specifically controverted by the answer or reply must be taken as true. *Id.,* sec. 4608. Taken together, these sections make it obligatory on the pleader specifically to deny every material allegation. This has been expressly held in Kentucky under a Code like ours, in a case where there had been a general denial of all the allegations of the complaint. The answer was held to be 'wholly unavailing.' *Corbin, etc., v. Commonwealth,* 2 Metc. [Ky.] 380. It follows that the general issue at common law has no place in our system, unless it in itself amounts to a specific denial of some material allegation."

See, also, *Shirk v. Williamson,* 50 Ark. 562, 9 S. W. 307, and *Hecht & Imboden v. Caughron,* 46 Ark. 132. As the defendant failed to conform to section 2872 of Mansf. Dig. (Ind. T. Ann. St. 1899, sec. 1987), which provided, "where a writing purporting to have been executed by one of the parties is referred to in and filed with a pleading, it may be read as genuine against such party, unless he denies its genuineness by affidavit before the trial is begun," it has nothing to complain of in the exclusion of the testimony offered.

Assailing the allegation in the petition that plaintiffs were purchasers for value, defendant, without objection, and by permission of the court, undertook to prove that plaintiffs had paid no consideration for the notes sued on, but had obtained their indorsement from the payee therein by paying off two certain mortgage notes for $6,500 originally made payable by them to W. W. Allen, and by him indorsed to said payee as collateral to secure the payment of said notes. The court did not err in excluding this testimony, for the reason that, if admitted, the same would not tend to prove a defense; for how could the failure of an indorsee from the payee to pay value for the paper release the maker from payment? The Missouri-Lincoln Trust Company being the payee in the notes, after the

payment of the debt for which they were pledged as collateral, if not the beneficial owner thereof, was the legal holder of the same, and upon their indorsement passed the legal title thereto to the plaintiffs. As such, plaintiffs had a right to maintain this suit. *McNary v. Farmers' Nat. Bank, ante,* 124 Pac. 286.

In 14 En. Pl. & Pr. 682, it is said that where, as here, it is not alleged that the instrument is affected with any infirmity, a mere denial that it was indorsed or transferred to the defendant (plaintiff) for value is immaterial, and does not raise an issue as to the ownership of the instrument or present any defense. In *Aspinwall v. Meyer,* 2 Sandf. (N. Y.) 180, the court said:

"It is not enough for the maker of a note to say that it was transferred to the plaintiff who prosecutes it without a valuable consideration; but, to defeat a recovery on it, he must show that it was transferred in fraud, or to the prejudice of his rights."

See, also, *Queen City Bank v. Hudson et al.,* 8 App. Div. 27, 40 N. Y. Supp. 1018; *Guernsey v. Burns et al.,* 25 Wend. (N. Y.) 411; *Brassington v. Rohrs,* 3 Misc. Rep. 258, 22 N. Y. Supp. 761. In the syllabus of the latter case it is said:

In an action by a *bona fide* indorsee for value before maturity, against the maker of a promissory note, the answer first denied that the plaintiff was the holder of the note for value, and alleged that the payee was still the owner, and for a further defense alleged that said note was given to the payee for accommodation only, without consideration. *Held* that, a demurrer to the first part of the answer on the ground that it was insufficient in law having been sustained, the remaining portion of the answer was properly stricken out as sham, it appearing by the affidavit of the payee that the note was given for value, to which defendant made no reply. A denial that plaintiff is a holder of a note for value is not a denial that he is the holder and owner of it, and puts no material allegation in issue."

See, also, *Linney v. Thompson,* 3 Kan. App. 718, 45 Pac. 456.

There being no offer to prove any infirmity in the notes and no merit in the remaining assignments of error, the judgment of the trial court is affirmed.

All the Justices concur, except WILLIAMS, J., absent, and not participating.