## A. ROWLAND v. J. M. SHAW, *et al.*

DEMURRER *to Evidence, Sustained; Error.* Where a judgment was rendered by a justice of the peace against R., and it was admitted that R. made no appearance in the case; and that the only service of summons made upon R. was by leaving a copy of the summons, with the indorsements thereon, at his usual place of residence; and R., afterward, on the trial of another action in which he was the plaintiff, and the plaintiffs in the former action were the defendants, and in which latter action the questions of the validity of the said service of summons and the consequent validity or invalidity of the judgment rendered thereon were the main questions in the case; and R. introduced evidence tending to show that no copy of the summons was ever left at his usual place of residence, and that the place where the copy was in fact left was not, and never had been, his usual place of residence; and R. introduced sufficient other evidence to sustain all the other issues on his side in the case; and the court then sustained a demurrer of the defendants to the plaintiff's (R.'s) evidence, and rendered judgment for the defendants: *Held,* Error.

### *Error from Clay District Court.*

ACTION by *Rowland* against *Shaw* and two others, to recover $500 and costs. The nature of the action, and the facts, appear in the opinion. Trial at the January Term, 1882, of the district court, and judgment for defendants. *Rowland* brings the case here.

*Harkness & Godard,* for plaintiff in error.

*Anthony & Kellogg,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was commenced in the district court of Clay county, but grows out of proceedings had before a justice of the peace of the same county. The defendants in error move to dismiss the petition in error and case from this court, on the ground that the plaintiff in error has filed only a *copy* of the original case-made with his petition in error, and has not filed the *original* case-made, nor any transcript of the proceedings of the court below. The plaintiff in error, however, has, since the motion was made,

and with leave of the court, filed the original case-made with his petition in error. The motion of the defendants in error will therefore be overruled. Such a motion is generally not entitled to very much favor.

The facts of this case are substantially as follows: On December 18, 1880, J. M. Shaw and George Farrell commenced an action before a justice of the peace of Clay county, against A. Rowland. A summons and an order of attachment were duly issued in the case. The order of attachment was issued upon the grounds "that the said A. Rowland had absconded with the intent to defraud his creditors, and had assigned, removed and disposed of his property with the intent to defraud his creditors." The summons was returned by the constable with the following indorsement thereon : "December 18, 1880, received this writ. December 20, 1880, served the same by delivering a copy thereof with indorsements thereon duly certified, at the within-named defendant's place of residence.—S. LANGWORTHY, Constable, by O. F. Miller, Deputy." The order of attachment was, by the direction of Shaw and Farrell, duly levied by Deputy Constable Miller upon one wagon, one plow, one cultivator, and forty acres of growing wheat. Rowland made no appearance in the case. On the return day of the summons, which was December 23, 1880, the justice of the peace rendered judgment in favor of the plaintiffs and against the defendant Rowland for $27.50, and costs taxed at $16.55. On January 1, 1881, the attached property was sold at the instance of Shaw and Farrell, by Constable Langworthy, for $92. Twenty-seven dollars and fifty cents of that amount was paid to Shaw and Farrell in satisfaction of their judgment. Just what became of the balance of the money is not definitely shown. There was no service of the above-mentioned summons, except as above stated. Rowland was not in the state at the time, and had no actual notice of the commencement of the action, and knew nothing concerning the same until after the property above mentioned had been sold. On August 17, 1881, Rowland commenced this present action in the district court of Clay county, against

J. M. Shaw, George Farrell, and Samuel Langworthy, the plaintiffs and constable in the above-mentioned action, alleging among other things that the return indorsed on said summons was false; that no summons or notice was left at his (Rowland's) usual place of residence as stated in the return; and that he had no notice of the pendency of the action, and made no appearance therein. A trial was had in the district court before the court and a jury, and the plaintiff introduced evidence tending to sustain all the allegations of his petition, and tending, as we think, to prove a good and valid cause of action. When the plaintiff closed his evidence the defendants demurred to the same, on the ground that it did not prove any cause of action against the defendants. The court below sustained the demurrer, and the plaintiff excepted. The plaintiff then moved for a new trial upon various grounds, which motion was overruled; and the plaintiff again excepted.

We think the court below erred in sustaining the defendants' demurrer to the plaintiff's evidence; for while the evidence was such that the jury might very properly have found against the plaintiff and in favor of the defendants, yet we do not think the evidence was such that the court could say as a matter of law that it did not prove or tend to prove any cause of action in favor of the plaintiff and against the defendants. We think it did tend to prove a cause of action in favor of the plaintiff and against the defendants. It tended to prove in fact that the summons issued in the original case by the justice of the peace was not served by leaving a copy of the summons with the indorsements thereon, at the usual place of residence of the defendant in that action, plaintiff in this; and if the summons was not served by leaving a copy thereof with the indorsements thereon at the usual place of residence of the present plaintiff, it is admitted that no service of any kind was made of the summons. A copy of the summons with the indorsements thereon was in fact left at a house in Blaine township, in Clay county; but at least a portion of the evidence tended to prove that this house was not and never had been the usual place of residence of the pres-

ent plaintiff, Rowland.   Upon this question the evidence was conflicting.

We do not think that it is necessary to discuss the evidence; and we do not think that it is necessary to discuss the question as to what the measure of damages may be, provided the plaintiff may ultimately recover in this action; and we refrain from discussing these questions for various reasons.   The evidence is conflicting, and it is not our province to determine upon which side the preponderance exists — that belongs to the jury; and it is not improbable that the jury will determine when the case is finally submitted to a jury, that the copy of the summons in the original case was left at the usual residence of Rowland; and will therefore decide that Rowland cannot recover in this action.   Indeed it is very probable that if the court below had not sustained the defendants' demurrer to the plaintiff's evidence, the jury would have so decided at the trial heretofore had; but the evidence was not such as to compel them to so decide.   They might have decided in favor of the plaintiff if they had in fact under all the evidence believed that no service of summons had in fact been made upon him when he was the ostensible defendant in the case before the justice of the peace.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.