## J. M. Shaw and George Farrell v. A. Rowland and Samuel Langworthy.

1. Appearance, *Not General; Void Judgment, Not Made Valid.* The appearance of the defendant in a judgment rendered by a justice of the peace, by a motion to set aside and vacate the judgment as void for want of service of process, is not an appearance generally in the suit, and is not a waiver of any defects or irregularities in the service of process in the suit, and does not make valid a judgment void for want of service of process.

2. Practice; *Joint Trespassers, Liable; Order, Not Erroneous.* The statutes do not authorize justices of the peace to reverse, vacate or modify judgments rendered by them. Sections 568 to 575 inclusive, of chapter 80, Compiled Laws, have no application to justices' courts, and proceedings before a justice of the peace for such purposes are void, and no wise affect the rights of the parties to the suit. S. and F. obtained a judgment before a justice of the peace, which was void for want of service of process. By their direction, L., the constable who held an execution issued on such judgment, levied upon and sold the property of R., defendant in the execution. R. recovered judgment against S. and F. and L. for the value of the property so levied on and sold, and by the judgment rendered, the court ordered that execution to collect the judgment be first issued against S. and F. and their property exhausted before execution issue against L. *Held,* (1) That S. and F., plaintiffs in the execution, were joint trespassers with L., the constable, and all liable to R. for the value of his property so levied on and sold; (2) that the order of the court that execution on the judgment in favor of R. be first issued against S. and F., is not erroneous.

### *Error from Clay District Court.*

At the September Term, 1883, plaintiff *Rowland* recovered a judgment against *Shaw* and two others, for $255.65 and interest and costs. The defendants *Shaw* and *Farrell* bring the case here. The opinion states the nature of the action, and the facts.

*Anthony & Kellogg,* for plaintiffs in error.

*Harkness & Godard,* for defendant in error Rowland.

*E. W. McJunkin,* for defendant in error Langworthy.

The opinion of the court was delivered by

HURD, J.: This case has once before been before this court, and remanded for a new trial. (29 Kas. 438.) The substance of the petition, as well as most of the facts in the case, are stated in that opinion, and need not be repeated here.

Shaw and Farrell, defendants, answered the petition as follows:

"*First Defense:* The defendants J. M. Shaw and George Farrell, answering for themselves alone, deny each and every allegation contained in the petition.

"*Second Defense:* The said defendants J. M. Shaw and George Farrell, answering for themselves alone, for a second defense, say: That after the judgment described in the plaintiff's petition was rendered, which was done on December 23, 1880, and upon the 20th day of April, 1881, the plaintiff in this action filed in the office of the said J. W. Miller, justice of the peace, before whom and by whom said judgment was rendered, his motion, asking said court to set aside and hold for naught said judgment so rendered, and to set aside all proceedings had thereunder, for the reasons that said justice had no jurisdiction of the person of said defendant, the plaintiff in this action, at the rendition of said judgment; that there was no service of summons either actual or constructive upon said defendant, the plaintiff in this action; and that he had no notice of the commencement of said suit nor of the pretended judgment until long after its rendition; and that said judgment was absolutely void. Defendants further say, that said appearance at the time said motion was filed was general and unlimited, and on the 16th day of May, 1881, by consent of all parties thereto, each party being present in person and by counsel, the aforesaid motion was submitted to the court upon affidavits and upon oral testimony, and was argued by counsel, and thereupon the court took said matter under advisement until May 18, 1881, and on said day, said justice of the peace, the court, overruled said motion, and adjudged that the plaintiff in this action should pay the costs of said motion; that said judgment is unreversed, and was never by the said plaintiff in this action appealed from; that on the hearing of said motion the same questions were by the court heard, tried and found upon as are now presented to this court to be raised and determined by the petition in this action.

"Wherefore, the defendants ask that they may be discharged without day."

Langworthy filed his separate answer substantially the same as the answer of Shaw and Farrell. The plaintiff demurred to the second defense of each answer, on the ground that it did not state facts sufficient to constitute a defense to the action, and the court sustained the demurrers.

The cause was tried the second time before the court and a jury, and the jury returned their verdict in favor of Rowland, plaintiff below, against all of the defendants below, for the sum of $255.65, and at the same time returned answers to questions submitted by the court as follows:

"Did the defendants Shaw and Farrell, or either of them, direct the deputy constable to levy on the property mentioned in this action? *Ans.:* They did.

"Had the place at which the copy of the summons and attachment were left by the constable been the usual place of residence of the plaintiff at any time? *Ans.:* It had been."

Shaw and Farrell filed their motion for a new trial, which was overruled. Langworthy filed his motion for a new trial, which was also overruled.

The court rendered judgment on the verdict in favor of Rowland, and against Shaw, Farrell and Langworthy, for $255.65 and interest and cost of suit, and added a further judgment or order as follows:

"It is further ordered, upon the motion of the defendant Langworthy, that execution issue first against defendants J. M. Shaw and George Farrell and against defendant Samuel Langworthy, after the property of said Shaw and Farrell subject to execution is exhausted."

Shaw and Farrell bring the case to this court by petition in error, on the record in the court below, against Rowland, to reverse his judgment against them, and against Langworthy, defendant, to reverse the part of the judgment in his favor as against them.

The record does not bring up the evidence given on the trial, nor the instructions of the court to the jury. Langworthy has taken no proceedings in this court to reverse the

judgment against him. Shaw and Farrell contend as against Rowland, that the court erred in sustaining the demurrer to the second defense of their answer; that if the judgment and proceedings before the justice of the peace were void for want of proper service of process, the general appearance of Rowland by a motion to vacate and set aside the judgment, made the judgment as valid as if the summons in the suit had been legally served.

The rule is that a general appearance of a defendant in a suit to the *merits of the controversy* cures all defects of the service of process, and waives all irregularities which may have occurred in getting him into court. (*Bury v. Conklin*, 23 Kas. 460.) But this rule does not apply where the only appearance was after judgment by a motion to set aside that judgment as void for want of service of process.. (*Cohen v. Trowbridge*, 6 Kas. 385.) When Rowland appeared by his motion in the justice's court, the suit had been tried, judgment entered, execution issued, and his property levied on and sold, and the judgment and costs of suit paid from the proceeds, and he had sustained the damages and injury he now complains of. If the theory of the plaintiffs is the true one, then by that appearance Rowland made valid a void and worthless judgment, and ratified all the illegal acts now complained of, and waived compensation for the damages he has sustained at the hands of the defendants below.

We cannot assent to the plaintiffs' theory of the effect of Rowland's appearance by the motion to vacate a judgment that the jury must have found was void before they could have found the verdict they returned. We think that Rowland's appearance to set aside that judgment at the time he appeared, did not make valid and put in force the judgment which was before void for want of service of process on the defendant. Besides, there is no statute authorizing justices' courts to set aside or vacate their own judgments. The proceedings to reverse, vacate or modify judgments and orders in the courts in which they are rendered, provided for by §§ 568 to 575 inclusive, of chapter 80, Compiled Laws, are by § 576

made applicable to courts of record only. The justice of the peace had no authority whatever to entertain the motion to set aside the judgment, and whatever he did relative thereto was without authority of law, and void, and none of the parties were bound by such proceedings or by his acts, or in anywise affected by them. The demurrers to the second defense of the answer of Shaw and Farrell and Langworthy were properly sustained.

The plaintiffs contend that the entry of the order on the motion of Langworthy, that execution on the judgment first issue against them, is erroneous. We think it is not. When an execution is issued on a judgment to an officer by law authorized to execute it, he must execute it as commanded in the writ, and in the manner provided by law, and will be liable to any person or party aggrieved if he fails to do so. But if the plaintiff in the execution directs that it be executed in a different manner and the officer so executes it, he makes the officer his own agent, and is bound by whatever is done or omitted by the officer by his direction; and if the plaintiff directs the officer to levy on certain personal property to satisfy the execution which belongs to a stranger to the judgment, or is not subject to levy and sale, or is issued upon a void judgment, and the officer take it, both are trespassers, and he is equally liable with the officer in an action for the wrongful taking of the property, and the owner of it may maintain his action against the plaintiff who directed the levy or sale, or against the officer, or against both together. (Freeman on Executions, §§ 273, 20.)

Shaw and Farrell, plaintiffs in the judgment, and Langworthy, the constable, are sued together, and a joint verdict and judgment has been rendered against them. The jury found that Shaw and Farrell did direct Langworthy to levy on the property of Rowland, for the recovery of the value of which this suit is brought. By so directing Langworthy, they made him their own agent, and they have taken and received all the benefits arising from his unlawful acts done by their authority, and it is but just that as between them and Langworthy they

should pay the damages arising from what Langworthy did by their direction and for their sole benefit.

The order complained of is equitable, and we find no legal objection to it, and we find no error in the proceedings of the court below.

The judgment is affirmed.

All the Justices concurring.