MOSES J. BELCHER v. RIDGE WHITLOCK.

(Filed February 18, 1898.)

EVIDENCE—*Sufficiency of—Demurrer Thereto.* When plaintiff's petition states facts sufficient to constitute a cause of action, and the testimony introduced by him in support thereof tends fairly to establish every material fact alleged, a demurrer to the evidence should be overruled.

(Syllabus by the Court.)

*Error from the District Court of Canadian County; before John C. Tarsney, District Judge.*

*Charles L. Crum,* for plaintiff in error.

*C. H. Carswell* and *John J. Carney,* for defendant in error.

This is an action for slander, commenced on August 22, 1895, by defendant in error, as plaintiff below, against plaintiff in error, defendant below, to recover damages in the sum of $2,500, the material averments of plaintiff's petition being the following:

"Plaintiff further says that he has never been guilty of, or, until the speaking and publishing by defendant of false, scandalous and malicious words hereinafter mentioned, was never suspected to have been guilty of arson. By reason whereof the said plaintiff, before said grievance of defendant, had gained the good opinion of all his neighbors and associates.

"And whereas, on or about the first day of February, 1894, in Canadian county, Oklahoma Territory, a certain house owned and occupied by defendant as a dwelling house was consumed by fire; and the defendant, well knowing the premises, but wickedly and maliciously in-

tending to injure the good name of this plaintiff among his neighbors and associates, accused him, the said plaintiff, of arson, as hereinafter more fully set out, to-wit:

"On or about the 5th day of February, 1895, at El Reno, in said county of Canadian, Oklahoma Territory, in a certain discourse which the said defendant then and there had concerning plaintiff and concerning said burning of said dwelling house, in the presence of one Price Ferguson, and one —— Duval, and one —— Haynes and one N. F. Dawson, and one F. Lewis, and one —— Dayton, and one —— McDonald, etc., neighbors of him, the said plaintiff, falsely and maliciously, spoke and published of and concerning said plaintiff, and of and concerning said burning of said dwelling house the false and scandalous words following, to-wit: 'Ridge Whitlock,' (meaning plaintiff,) 'burned my house,' meaning that plaintiff was guilty of the crime of arson in burning defendant's dwelling house."

To this petition defendant answers by way of a general denial, and trial was had to a jury which resulted in a verdict and judgment for plaintiff for the sum of $100.

Opinion of the court by

KEATON, J.: The only action of the trial court urged, by counsel for plaintiff in error, as a ground for reversing the judgment in this case, is that said court committed prejudicial error in overruling defendant's demurrer to the evidence introduced on behalf of plaintiff; hence this is the only question presented for determination by this court, as all other assignments of error will be considered waived and abandoned. (*Gardenhire v. Gardenhire,* 2 Okla. 484.)

The particular reason stated by counsel for plaintiff in error as the basis for his claim that the trial court should have sustained said demurrer, is that no sufficient evidence was introduced on behalf of plaintiff to show that

the slanderous words alleged in plaintiff's petition, to-wit: "Ridge Whitlock burned my house," were spoken within one year next preceeding the commencement of this action, and that, although said testimony does show, or tend to show, that these words were spoken of and concerning plaintiff by the defendant on certain occasions more than a year before the commencement of the action and after the commencement thereof, this testimony will not, in either event, support a recovery on behalf of plaintiff in this action.

The contention of counsel for plaintiff in error is concisely stated in his brief as follows: "Not a single witness introduced by the plaintiff below testified that between the 22nd day of August, 1894, and the 22nd day of August, 1895, at El Reno, Belcher said 'Ridge Witlock burned my house.' It was necessary for plaintiff to have proved this fact in order to establish his case. This omission was fatal; and, for this reason the court erred in not sustaining the demurrer to the evidence."

If the position taken by counsel for plaintiff in error is supported by the testimony, it is clear that the judgment of the trial court must be reversed, because no statements made by defendant after the commencement of the action could, (especially in the absence of a subsequent amendment to the petition,) furnish a basis for recovery therein, and if the slanderous statements alleged were spoken more than a year before the commencement thereof, then the cause of action was barred by statute of limitations. (Ok. Stat. 1893, sec. 3890.)

In support of this contention counsel cites a portion of the testimony of each of the witnesses produced by plaintiff, but it will only be necessary for us to notice the

testimony of the first witness so produced, to-wit: one Dawson. Counsel quotes the following excerpts from his testimony:

"Question. Did you ever have any conversation with him (Belcher) here in town? Answer. I think it was a year ago last June, about the first of July; I was here in town about Ferguson's shop. Mr. Belcher drove up and we got into a conversation about it.

"Q. What did he say? A. The main thing he said about it was: The conversation came up betwixt us. He brought the conversation up and we had quite a talk regarding the association with us at our school house, and Sunday school and church relations; and he wanted to know if I expected him to associate with a party who burned his house? Mr. Whitlock is secretary of the Sunday school. I says, 'you don't mean to say that Mr. Whitlock burned your house?' and he says, 'I do mean to say he burned my house.'

"Q. When did this first conversation occur? The one here in El Reno? A. June or the first of July, a year ago.

"Q. In '96? A. Yes, sir.

"Q. In '96? A. Yes, sir."

The portions of the testimony quoted do not constitute all of said witness' testimony relative to the date of the conversation referred to, nor are they sufficient, in our opinion, to fairly show the substance of what the witness did testify to concerning said matter. It should further be stated in this connection that the trial of the case was had on March 18, 1897, and it appears that defendant's house was burned during the spring, (probably about April 1,) of 1894.

The following testimony, regarding the dates of the alleged slanderous statement, was also given by the witness Dawson:

"Q. Did you ever have a conversation with Mr. Belcher about the burning of this house after that time? A. Yes, sir; I had several conversations with him in regard to it.

"Q. Did you have any conversation with him, Belcher, along in February, 1895? A. The summer after his house was burned I think I had several talks about it. I cannot just state the dates of the month; and the previous winter afterwards, after he built.

"Q. The year after the house was burned? A. Yes, sir.

"Q. Did you ever have any conversation with him here in town? A. I think it was a year ago last June, about the first of July; I was here in town to Ferguson's shop. Mr. Belcher drove up and we got into a conversation about it. * *

"Q. Do you remember any particular conversation at your house in which he talked about it? A. Why, there was one time, it was in the winter after his house was burned, that would be a year from the time the house was burned, he hauled water from my house and we were talking about it at the well about his burning his house. * *

"Q. When was that? A. That has been a year I reckon, two years ago just the winter after his house was burned.

"Q. When was his house burned? A. '94, some time in the spring.

"Q. How long after that house burned before you had this conversation, this first conversation, at your house? A. It was this——

"Q. I mean this one that you had at the well? A. This one I spoke of definitely was about a year after the house was burned.

"Q. That would be in the spring of '95? A. Yes, sir.

"Q. About what month? A. It must have been along about the middle of winter.

"Q. January? A. Some where along there. It is not supposed that a man can recollect when he wasn't concerned."

When considered altogether, there is no question but what the testimony offered on behalf of plaintiff strongly tends to show, (if, in fact, it does not clearly show,) that the slanderous statement alleged was spoken by the defendant of and concerning plaintiff on several different occasions within the year next preceding the commencement of this action, and a demurrer to the evidence should be overruled "when it appears that the petition states facts sufficient to constitute a cause of action, and there is testimony tending fairly to establish every essential fact thereof." (*Janson v. City of Atchison*, 16 Kan. 358; *K. P. Ry. Co. v. Couse*, 17 Kan. 571; *Waterson v. Rogers*, 21 Kan. 529; *Rowland v. Shaw*, 29 Kan. 438; *Jaffray v. Wolf*, 4 Okla. 304.)

Counsel for plaintiff in error having pointed out no error in the record of this case, the judgment of the court below is affirmed.

Tarsney, J., having presided in the court below, not sitting; all the other Justices concurring.