WILLIAM C. LITTLE, *Appellant,* V. JOHN S. LIGGETT, *Appellee.*

No. 17,493.

SYLLABUS BY THE COURT.

1. LOAN AGENT—*Entitled to Compensation.* Where an agent employed to effect a loan has diligently performed services under the employment, but is prevented from an attempt to complete the transaction by the refusal of his employer to accept the loan, he is entitled to recover the reasonable value of his services, even if he has not carried the matter far enough to have fully earned his commission.

2. ——— *Contract Performed—Commission Earned.* An agent employed "to procure a loan" has ordinarily earned his commission when he has produced a person willing and able to make the loan upon the prescribed terms, and his claim to compensation will not. be defeated by the refusal of such person to complete the transaction because it turns out that a material representation made by the employer is contrary to the fact.

Appeal from Sedgwick district court. Opinion filed March 9, 1912. Reversed.

*John W. Adams,* and *George W. Adams,* for the appellant.

*S. B. Amidon, D. M. Dale,* and *Jean Madalene,* for the appellee.

The opinion of the court was delivered by

MASON, J.: William C. Little sued John S. Liggett, alleging, in substance, that Liggett had employed the Wichita Loan & Trust Company to negotiate a loan of $40,000 upon real estate; that the company had arranged for the loan, but that Liggett, having sold his property, did not accept it; that the company had assigned its claim for compensation to Little, who asked judgment for $1000, as the price agreed upon for the company's services, also as their fair value. The defendant answered with a general denial, admitting, however, that he had made a written application to the company to procure him a loan but saying that it had been agreed that he need not accept the loan unless he should desire, and if he did not accept it he was to pay no commission. A reply was filed consisting of a general denial. Upon trial a demurrer to the plaintiff's evidence was sustained and he appeals.

There was evidence to this effect: The defendant employed the company to procure the loan for him, to enable him to build a three-story building upon the property. He told the company's representative that he had $5000 on hand and could raise $25,000 elsewhere; and that the estimated cost of the building was $55,000. He furnished sketches showing its character. An agent of the company made a trip east and laid the matter before the investment committee of the New Hampshire Savings Bank of Concord, and was afterwards told by the president and treasurer of the bank that it would make the loan. On his return he told the defendant that the money would be ready for him as soon as he was ready to use it. A number of conversations were had on the subject. Plans for the buildings were prepared and bids were made upon it, ranging from $60,000 to $80,000. After the matter had been pending several months the defendant definitely concluded not to build, and sold his lots. The

arrangement had been that the money was to be furnished, in accordance with the usual custom in such cases, as the work on the building progressed. There was no agreement that the defendant was not to be liable for the commission unless he accepted the loan.

We think the demurrer to the evidence should have been overruled. The defendant maintains that it was incumbent on the plaintiff to prove that the bank was financially able to make the loan, and that there was a failure of proof in this respect. Upon the announcement of the ruling on the demurrer the plaintiff asked to be allowed to show the financial ability of the bank by witnesses then present. The request was refused. In view of the pleadings and the evidence the question of the bank's ability to make the loan must be regarded as largely formal. The doing of substantial justice required that the plaintiff should be allowed to reopen the case for the purpose of making a showing of that character, if thereby the objections presented by the demurrer could be met. The court must be regarded as having in effect decided that, conceding the financial responsibility of the bank, the plaintiff had failed to make out a *prima facie* case.

The defendant maintains that in order to recover it was necessary for the plaintiff to show that the loan was actually procured, or at least that the bank had entered into a binding agreement to lend the money; and that this was not shown because there was no evidence that the officers of the bank whose statements were relied upon had authority to act in the matter. These officers included the president, the treasurer, and the investment committee. Whether or not they may be presumed to have had power to bind the bank, the plaintiff was under the evidence entitled at all events to a recovery *quantum meruit*. The company that was employed to effect the loan had performed services and incurred expenses under the employment. It had handled the matter with apparent success; it had done

all that was incumbent upon it up to the actual closing of the transaction, and was prevented from going further by the refusal of the defendant to accept the loan. In this situation the agent was entitled to recover at least to the extent of the value of the services performed. (Mechem on Agency, § 620; *Glover v. Henderson,* 120 Mo. 367, 25 S. W. 175, 41 Am. St. Rep. 695.)

While the plaintiff was upon the witness stand he returned a negative answer to the question whether the loan would have been made if the building could not have been erected for its amount. Probably he meant that the money would not have been furnished unless, together with what the defendant could procure elsewhere, it would have been sufficient for that purpose. Taken literally the plaintiff's statement was inconsistent with the rest of his testimony, for he said that the building was expected to cost $55,000, while the loan asked was but for $40,000. Such inconsistency does not authorize the sustaining of a demurrer. (*Acker v. Norman,* 72 Kan. 586, 84 Pac. 531.)

The defendant presents an argument substantially amounting to this: The agreement for the loan was procured upon the representation that a building of a particular description and rental value could be constructed for $40,000, when in reality the cost would have been from $60,000 to $80,000; that with knowledge of this fact the bank would not have made the loan; that no commission is earned by an agent who produces a person ready and willing to make a loan upon an incorrect statement of facts, even where such statement is obtained from the principal. There are cases apparently supporting that contention. In *Curtiss v. Mott,* 97 N. Y. Supr. Ct. 439, 35 N. Y. Supp. 983, 158 N. Y. 663, 52 N. E. 1124, a real-estate broker was employed to find a buyer for a piece of property, which the owner represented as producing a certain income. The agent found one who was able and willing to take the property on that representation, but who re-

fused to complete the purchase on learning that in fact. the income was considerably less than the amount named. It was held that the agent was not entitled to his commission, although he might perhaps have an action against his employer for damages because of the misrepresentation. In *Hausman v. Herdtfelder,* 81 N. Y. Supr. Ct., App. Div., 46, 80 N. Y. Supp. 1039, substantially the same ruling was made, the sale being prevented by the fact that the property offered for sale was of less area than the owner had represented. These cases seem to be in conflict with *Cohen v. Farley,* 28 Misc. Rep. 168, 58 N. Y. Supp. 1102, and with the great weight of authority. We think that where a property owner employs an agent to find a purchaser for or to procure a loan upon property, the description given by the owner is a material part of the contract. of employment, and if the agent fails of success only because the property turns out to be substantially different from that described, he is entitled to his compensation, having performed the service for which he was employed. The situation is entirely analogous to that arising where a sale is defeated by the inability of the owner to make a marketable title, and in that case the agent is held to have earned his commission. (*Davis v. Lawrence,* 52 Kan. 383, 34 Pac. 1051.) The cases bearing upon the question are fully collected in a note in 15 L. R. A., n. s., 1262, entitled: "Right of broker to commissions where sale fails because of inaccuracy of owner's representations." The statement of any circumstance which has a bearing upon the expedience of making the loan, may be for practical purposes regarded as a part of the description of the property—it is essentially of the same effect.

The written application signed by the defendant recited that he appointed the company his agent "to procure a loan." It is argued that this language shows an agreement that no commission was to be paid unless the loan was actually made. We think the rule is the

same as in the case of the ordinary real-estate broker's contract—the commission is earned when the agent has produced a person willing and able to deal with the employer upon the terms specified. (Note 78, 19 Cyc. 268, 269.)

. The judgment is reversed and the cause remanded for a new trial.