# CARSON v. VANCE.

No. 2414.    Opinion Filed March 11, 1913.

(130 Pac. 946.)

1.    **BROKERS**—Compensation—Performance of Contract. A real estate agent authorized to sell land for another for a stated price for a certain compensation has earned his commission when he produces a purchaser ready, willing, and financially able to purchase the land upon the terms and conditions agreed upon.

2.    **APPEAL AND ERROR** — Review — Amendments Regarded as Made. Where, in an action for his commission on a sale of land, plaintiff declares upon an express contract to pay him five per cent. therefor, and evidence is introduced without objection in effect that such commission is usual and customary, held, that the pleading is presumed to be amended so as to conform to the proof, that an instruction submitting to the jury the question of what is a reasonable commission is proper, and that the same having been found to be five per cent. will not be disturbed.

(Syllabus by the Court.)

*Error from Oklahoma County Court;*
*Sam Hooker, Judge.*

Action by Asa J. Vance against Mary C. Carson. From a judgment for plaintiff, defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Everest, Smith & Campbell,* for defendant in error.

TURNER, J. This action was commenced by Asa J. Vance, defendant in error, against Mary C. Carson, plaintiff in error, before a justice of the peace in Oklahoma City, to recover a commission on a sale of real estate. From a judgment for plaintiff, defendant appealed to the county court, and from a judgment against her there, to this court. The bill of particulars upon which the case was tried in the county court states:

"* * * That the plaintiff was an agent and broker engaged in the selling of real estate upon commission. That on or about the 19th day of March the defendant listed with the plaintiff lots 9 and 10, block 6, in the Northwest addition to Oklahoma City, and promised and agreed to pay to the plaintiff five per

cent. of such price as plaintiff might obtain for her.    That the plaintiff procured a purchaser for the said real estate, who was then and there willing, ready, and able to purchase the same at and for the sum of $2,000, which price and terms of sale were acceptable to and were agreed to by the said Mary C. Carson. Wherefore, the plaintiff prayed judgment for the sum of $100."

As the evidence, in that it shows that plaintiff, pursuant to his contract, produced a purchaser who was ready, willing, and financially able to make the purchase at the price and upon the terms fixed by defendant, reasonably tends to support the verdict, the judgment will not be disturbed.    It discloses that in the early part of the year 1909 plaintiff was a resident of and engaged in the real estate business in Oklahoma City; that defendant was a resident of Omaha, Neb., and the owner of the lots described in the bill of particulars; that about that time several letters were exchanged between plaintiff and defendant with reference to a sale of the property by plaintiff for a commission; that about the middle of March she came to see plaintiff, and talked with him about the sale of the property, and listed the same with him for sale with no understanding as to his commission; that, after making several ineffectual efforts to sell, he finally succeeded in getting an offer from a Mr. Henley for $2,000, one-half cash and the balance payable in six and twelve months, secured by a mortgage on the lots, with interest, which she refused to accept, insisting on $2,000 cash.    Later she again called at the office of plaintiff, at which time he called Henley up over the telephone, and after some talk with him, which plaintiff then and there repeated to defendant, the minds of Henley and defendant met, and she agreed to accept his offer of $2,000, to be paid $1,000 cash when the papers were signed, $800 as soon thereafter as certain notes of the purchaser, whose discount in bank had been arranged for, could be cashed, and $200 payable in 60 days, evidenced by Henley's notes payable to her; that, as soon as this contract was made, defendant told plaintiff to get Henley's check, and that she would meet him again there at his office at two o'clock that afternoon, and execute the necessary papers; that plaintiff did as she requested, and got check for $500, and met plaintiff as appointed, whereupon she refused to be bound, stating that she

had sold the property to another for $2,000 cash, and, refusing to pay the commission, plaintiff brought this suit.

The testimony further discloses that Henley was ready, willing, and financially able to buy, and would have done so, had defendant stood by her contract; that the usual and customary commission was five per cent., or $100, as allowed by the jury. This case is governed by the law laid down by us in *Birch v. McNaught,* 23 Okla. 634, 101 Pac. 1049, where in the syllabus we said:

"To entitle McNaught to recover, the burden of proof was upon him to show that he had found and produced a purchaser who was ready, willing, and financially able to make the purchase of the property at the price, and within the time, and upon the terms fixed by Birch."

This for the reason that such was all the agent undertook to do.

"The general rule is that, in order for a real estate broker to be entitled to compensation or commission, he must have performed his full duty towards his employer, and have accomplished all he undertook to do." (23 Am. & Eng. Enc. Law, 914.)

We are therefore of the opinion that plaintiff is entitled to recover—that is, unless there is merit in defendant's next contention, which is:

"That evidence nowhere discloses that there was ever any promise or agreement upon the part of the defendant to pay a commission of five per cent. The plaintiff himself makes no attempt to prove that there was such an agreement. The only attempt to prove the amount of compensation to be allowed was when, after the instructions had been given to the jury, he obtained leave to reopen the case, and put Mr. Vance on the stand, who testified that the usual customary commission for the sale of real estate during the month of March, 1909, in Oklahoma City, was five per cent. He did not testify that five per cent. was a reasonable commission, but only that it was the usual and customary commission."

All of which is true, and from which defendant contends that:

"Even though under the pleadings the instruction given was permissible, the evidence offered or produced by the plaintiff wholly fails to establish what a reasonable commission is."

The instruction complained of reads:

"Now if the plaintiff establishes this, as stated, he is entitled to recover whatever you believe is a reasonable commission for his services performed in the matter, not to exceed the amount sued for in this case, to wit, $100."

While the bill of particulars declares upon an express promise to pay plaintiff five per cent. commission, and the proof fails as to that allegation, yet as the evidence introduced without objection, proves that such a per cent. was usual and customary, the pleading is presumed amended so as to conform to the proof and to justify the instruction. *St. Paul, etc., Ins. Co. v. Griffin,* 33 Okla. 178, 124 Pac. 300. That being true, what we said in *Roberts v. Markham,* 26 Okla. 387, 109 Pac. 127, disposes of this point:

"It is contended by plaintiff in error that there was no evidence tending to establish the amount of the agent's compensation by contract. If there was evidence tending to show an express implied contract as to the agency, and no agreement as to the amount of compensation, there being evidence introduced without objection as to the reasonable or customary value of such compensation, such evidence would be sufficient to sustain the finding of the court."

Finding no error in the record, the judgment is affirmed.

HAYES, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., absent, and not participating.