## EVERETT v. COMBS.

No. 3347.    Opinion Filed April 14, 1914.

(140 Pac. 152.)

1.  **BROKERS—Right to Commission—Procurement of ·Purchaser.** A real ' estate agent, authorized to sell land for another for a stated price, for a certain compensation, is entitled to his commission when he produces a purchaser, ready, willing, and financially able to purchase the land upon the terms and conditions agreed upon.

2.  **APPEAL AND ERROR—Verdict—Evidence.** Evidence of plaintiff in this case shows that he made an unconditional agreement with defendant to find him a purchaser for a certain tract of land at an agreed price, for which he was to receive a commis-

sion of $100, and that he found such purchaser who was ready, willing, and financially able to purchase the land; and this issue was submitted to the jury under all the facts and circumstances, and a verdict returned in favor of plaintiff for the amount sued for. Held, the verdict is reasonably sustained by the evidence, and should not be disturbed on appeal.

3.   COURTS—Action for Commissions—Jurisdiction.   Record examined, and same fails to disclose that the title to the land over which the claim of plaintiff's commission arose was involved; hence the county court had jurisdiction in said cause.

(Syllabus by the Court.)

*Error from County Court, Creek County;*
*Warren H. Brown, Judge.*

Action brought in justice court by Andy Combs against L. H. Everett. Judgment for plaintiff on appeal to the county court, and defendant brings error. Affirmed.

*Pryor, Rockwood & Lively,* for plaintiff in error.

*Wm. L. Cheatham,* for defendant in error.

RIDDLE, J.   This suit was brought by Andy Combs, defendant in error, against L. H. Everett, plaintiff in error, in a justice court of Creek county. Judgment was rendered in favor of plaintiff, and an appeal was prosecuted to the county court, where trial was had to a jury, and a judgment again rendered in favor of plaintiff.

Briefly stated, the facts are as follows: Plaintiff, Combs, was engaged in the real estate business in the town of Bristow, Creek county. Plaintiff was employed by defendant to sell a certain tract of land, owned by defendant, situated in Creek county, for the sum of $2,900, and agreed to pay a commission, for the services rendered, of $100. Plaintiff found a purchaser in the person of one Alfred Anderson. He showed Anderson the land and introduced him to defendant; whereupon said defendant and Anderson entered into a written contract of sale, defendant agreeing to furnish abstract showing good title. The purchaser deposited a forfeit of $250 in a bank, to be delivered to defendant upon approval of title as part of the purchase price. No abstract was furnished; but Anderson's attorney made some

examination as to the condition of the title to said tract of land and found some irregularity, which it seems could have been cured and made satisfactory to the purchaser. Defendant, however, called the deal off and Anderson withdrew his deposit. Plaintiff had no notice of any defect in the title.

Plaintiff in error bases his right of reversal in this court almost solely upon the proposition that the contract of sale on which the right to the commission claimed by plaintiff depended was conditional; that is, he says that the condition in the contract was that Everett, defendant in the court below, agreed to furnish a good title. It may well be presumed that this element may be involved in every contract made for the sale of real estate. We fail to find anything in the record, however, supporting the proposition that the right of plaintiff to his commission depended upon a condition of this kind. In fact the plaintiff testified that he made an unconditional contract with defendant whereby he was to furnish a buyer for the land in question at a price of $2,900. The testimony shows that he did find such a purchaser, that an unconditional contract of purchase was made and entered into, and that the would-be purchaser was ready, willing, and able to take the land; and we gather from the record that, although some irregularity in the title was found, yet he was still willing to have the defect corrected and accept the title. Defendant testified that he made no contract with plaintiff for the sale of the land. This was purely an issue upon a controverted question, to be submitted to and determined by the jury. The rule is well settled that, where a broker has fully performed his undertaking by procuring a person ready, willing, and able to purchase his principal's property at the price and on the terms agreed, he is entitled to his commission. *Carson v. Vance,* 35 Okla. 584, 130 Pac. 946; *Reynolds v. Anderson,* 37 Okla. 368, 132 Pac. 322, 46 L. R. A. (N. S.) 144.

The testimony is preponderant; in fact the great weight of the testimony is in favor of plaintiff, and in our judgment the verdict of the jury and the judgment of the court thereon are correct.

The only other proposition raised by the plaintiff in error is that the county court had no jurisdiction over the subject-matter, for the reason that it involves the question of title to land. We have examined the record and briefs of counsel, and find that there is no merit in this contention.

Finding no reversible error in the judgment of the trial court, the same is in all things affirmed.

All the Justices concur.