## DEMING INV. CO. v. BRITTON.

No. 8971—Opinion Filed March 11, 1919.

(179 Pac. 468.)

(Syllabus.)

### 1. Trial—Demurrer to Evidence—Ruling.

Where a petition states a cause of action, although plaintiff is mistaken as to the amount of recovery to which he is entitled and the evidence offered by plaintiff reasonably tends to support the allegation of the petition, a demurrer to the evidence should not be sustained.

### 2. Brokers — Commission — Sufficiency of Service.

Where a broker employed to negotiate a loan procures a lender who is ready, willing, and able to lend the money upon the terms proposed, he is entitled to his commission although the principal declines to take the money.

Error from Superior Court, Tulsa County; M. A. Breckenridge, Judge.

Suit by the Deming Investment Company against W. L. Britton. Demurrer to plaintiff's evidence sustained, motion for new trial overruled, and plaintiff brings error. Reversed and remanded for a new trial.

S. F. Brady, C. B. Mitchell, and H. A. Kroeger, for plaintiff in error.

J. P. O'Meara, Chas. E. Bush, and A. F. Moss, for defendant in error.

HARDY, C. J. The Deming Investment Company sued W. L. Britton to recover an agreed compensation for its services in negotiating a loan for him. The petition alleged employment of plaintiff as agent for said purpose, its acceptance of employment, the obtaining of the loan for defendant by plaintiff, and a breach by defendant in failing to execute papers and refusing to perform his part of the agreement. The amount of the loan to be procured was $8,500, and the commission which plaintiff was to receive was $1,190. There was a clause in the contract which provided that if defendant should refuse to execute papers or complete the loan he would pay plaintiff 5 per cent. of the loan and its expense in addition thereto. At the trial, which was after the decision of this court in the case of Deming Investment Co. v. Christensen, 60 Okla. 148, 159 Pac. 663, the plaintiff amended its petition to allege damages under that clause in the sum of $425, and amended its prayer by changing the prayer from one for $1,190, to one for 5 per cent. $425, and by amending paragraph 7 of said petition. Otherwise the petition remained unchanged and alleged the contract, the promise to pay a commission of $1,190, performance by plaintiff, and a breach thereof by defendant. At the trial, execution of the contract was proven, and it was also proven that plaintiff had procured a party ready, willing, and able to make the loan desired and so notified defendant, and that defendant promised

to complete the loan, but thereafter conveyed the property which was to be given as security therefor and refused to complete the loan. To this evidence defendant interposed a demurrer which was sustained. Plaintiff excepted to the action of the court thereon, filed motion for a new trial which was overruled and exceptions saved, and the case was brought to this court.

The one question presented is whether the court erred in sustaining the demurrer of defendant to the evidence. The petition stated a cause of action. It alleged the making of a valid contract, and by suitable averments assigned a breach thereof by defendant, and contained proper allegations as to the detriment sustained, and, if it be assumed that plaintiff was mistaken as to the amount of recovery to which it was entitled, a mistake of this character would not be fatal to the petition, as the petition showed on its face that defendant was entitled to some relief. Gabriel v. Kildare Elevator Co., 18 Okla. 318, 90 Pac. 10, 10 L. R. A. (N. S.) 638, 11 Ann. Cas. 517; Midland Valley R. Co. v. Larson, 41 Okla. 360, 138 Pac. 173; Colbert v. City of Ardmore, 31 Okla. 507, 122 Pac. 508; Anderson v. Muhr, 36 Okla. 184, 128 Pac. 298; Sharp Lumber Co. v. Kansas Ice Co., 42 Okla. 689, 142 Pac. 1016; St. L. & S. F. Ry. Co. v. Bondies, 64 Okla. 88, 166 Pac. 179. Where the petition states a cause of action and the evidence offered by plaintiff reasonably tends to support the allegations thereof, a demurrer to the evidence should not be sustained. Belcher v. Whitlock, 6 Okla. 691, 56 Pac. 23; Wm. Cameron & Co. v. Henderson, 40 Okla. 648, 140 Pac. 404; M. O. & G. Ry. Co. v. Smith, 55 Okla. 12, 155 Pac. 233.

The plaintiff was entitled by showing performance upon its part to recover the amount which the contract stipulated was to be paid to it. The question is not materially different from that where a broker who was employed to negotiate a sale of property and who performs his part of the contract seeks to recover his commissions therefor. The rights and duties of a broker employed to secure a loan depend in general upon the same principles which govern a broker who undertakes to find a purchaser of property. 2 Mechem on Agency. § 2467, p. 2072. The court has held in a number of cases that a broker, employed to negotiate a sale of real estate who procures a purchaser who is willing, ready, and financially able to buy the property upon the terms proposed by the seller and secures an enforceable contract, is entitled to recover the commissions agreed

upon. Carson v. Vance, 35 Okla. 584, 130 Pac. 946; Everett v. Combs, 40 Okla. 645, 140 Pac. 152; Gilliland v. Jaynes, 36 Okla. 563, 129 Pac. 8, 46 L. R. A. (N. S.) 129; Eichoff v. Russell, 46 Okla. 512, 149 Pac. 146; Reynolds v. Anderson, 37 Okla. 368, 132 Pac. 322, 46 L. R. A. (N. S.) 144; Bleeker v. Miller, 40 Okla. 374, 138 Pac. 809.

In Deming Investment Co. v. Baird, 32 Okla. 393, 122 Pac. 676, Deming Investment Company brought suit to recover damages for breach of contract by defendant to accept a loan and relied upon a provision of the contract by which defendant contracted to pay 5 per cent. of the amount of the loan applied for and the expenses incurred in procuring the loan. It was held that the provision for 5 per cent. of the loan in case defendant failed to accept same was in violation of sections 857, 858, Statutes of Oklahoma 1893 (sections 975 and 976, Rev. Laws 1910), which declared that every contract which fixed the amount of damages to be paid or compensation to be made for breach of said obligation in anticipation thereof was void except where from the nature of the case it would be impracticable or extremely difficult to fix the actual damages. In that case no actual damages were alleged and the question as to whether the contract had been fully performed by plaintiff in procuring for the defendant a person ready, willing, and able to make the loan was not involved. In Deming In. Co. v. Christensen, 60 Okla. 148, 159 Pac. 663, it was held that a stipulation to pay 5 per cent. of the amount of the loan to be negotiated in the event the prospective borrower refused to complete the transaction was valid and a recovery in that amount was affirmed. The Christensen Case makes no reference to the Baird Case, and may be distinguished from the Baird Case in that it was shown the broker performed his part of the contract by procuring a party financially able and willing to loan the money desired by the defendant and that the defendant when requested to complete the loan refused to do so.

In other jurisdictions it is generally held that a broker employed to secure a loan is entitled to his commissions when he has procured a lender who is ready, willing, and able to lend the money upon the terms proposed, although the principal declined to take it. His right to commissions does not depend upon an actual acceptance of the loan, but upon his performance of his part of the contract, and, when he has done this, the prospective borrower on whose behalf he has negotiated for the loan cannot without good

cause refuse to accept the loan and deprive the broker of his commission. 9 C. J. 598; 3 Sutherland on Damages, § 683, p. 2500; 2 Mechem on Agency, § 2467, p. 2072; 2 Clark & Skyler's Law of Agency, § 783, p. 1694; Little v. Liggett, 86 Kan. 747, 121 Pac. 1125, 40 L. R. A. (N. S.) 39; Vinton v. Baldwin, 88 Ind. 104, 45 Am. Rep. 447; Fitzpatrick v. Gilson, 176 Mass. 477, 57 N. E. 1000.

The question as to whether plaintiff procured a binding contract with the prospective lender to advance the money on the terms proposed is not presented, and therefore not determined. It seems to the writer of this opinion that the measure of damages under the facts of this case is the compensation agreed to be paid for the services rendered. There might be other cases where evidence would be required to show the amount of damages to which plaintiff was entitled; but, when the compensation is fixed by the agreement and the services are performed by the broker according to his agreement and the loan fails simply because the prospective borrower declines to complete the contract, no further evidence should be required.

If we assume that the plaintiff was mistaken in his amended petition as to the measure of damages which he was entitled to recover or mistook the true rule whereby such damages should be ascertained, the petition otherwise stated a cause of action upon which plaintiff was entitled to recover, and it was competent for the court to adjust the recovery upon the true basis, measured by the correct rules of law applicable to the facts pleaded. It was expressly stipulated that, in the event defendant should refuse to execute papers or complete the loan he would pay plaintiff 5 per cent. of the loan and expenses incurred in procuring same. This was merely an agreement between the parties fixing the amount of compensation to be paid for certain services when rendered, and, the services in this case having been performed by plaintiff according to the agreement, the right to the compensation attached, and sections 975 and 976, Rev. Laws 1910 have no application to the situation here presented.

The judgment is reversed, and the cause remanded for a new trial in accordance with the views herein expressed.

All the Justices concur, except SHARP, J., who concurs in the conclusion, and HARRISON, J., absent.