## THOMPSON, Adm'r, v. CITY OF VINITA.

No. 10954—Opinion Filed May 15, 1923.

**1. Damages—Penalties for Breach of Contract—Invalidity—Statutes — Proof Required.**

Before the provisions of secs. 5068, 5069, Comp. Stat. 1921, can be invoked to invalidate a provision in a contract it must clearly appear that there has been a breach or default by reason of which one of the parties has become liable to the other without any corresponding benefit.

**2. Appeal and Error—Review — Demurrer to Evidence—Trial to Court.**

In a case tried to the court, where a demurrer to plaintiff's evidence is sustained, and it is apparent from an examination of the evidence that plaintiff wholly failed to prove his case, the judgment should be affirmed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Craig County; A. C. Brewster, Judge.

Action by E. P. Thompson, administrator of the estate of J. S. Weathers, deceased, against the City of Vinita. A jury was waived and the case was tried to the court. At the conclusion of plaintiff's testimony, defendant interposed a demurrer to the evidence, which was sustained and judgment rendered in favor of the defendant for costs. Motion for new trial overruled, and the case is brought here by petition in error with case-made attached. Affirmed.

O. L. Rider, for plaintiff in error.

Willard H. Voyles and Wm. P. Thompson, for defendant in error.

Opinion by LOGSDON, C. This action was commenced in the district court of Craig county, Oklahoma, by J. S. Weathers, now deceased, to recover of the defendant, city of Vinita, a balance claimed to be due on a certain sewer construction contract. Subsequent to the commencement of the action the plaintiff, Weathers, died and revivor was had in the name of E. P. Thompson, administrator of J. S. Weathers, deceased. The case was tried to the court and at the conclusion of the plaintiff's testimony, defendant demurred to the evidence, which demurrer was sustained by the court and

judgment rendered in favor of the defendant for costs. From this judgment, after unsuccessful motion for new trial, the plaintiff has appealed to this court. The parties will be hereafter referred to as plaintiff and defendant as they appeared in the trial court.

The amended petition filed herein by the plaintiff is very voluminous and contains many allegations which were abandoned at the trial, and the only matters relied upon by the plaintiff on the trial of the case were the completion of the contract by the plaintiff's intestate, and the failure, neglect, and refusal of the defendant to pay the entire contract price after completion of such contract, plaintiff claiming that defendant is still indebted to him in the sum of $1,452. The balance claimed to be due is composed of two items, one for the sum of $1,302, retained by the defendant as per diem paid by it to the engineers under a certain provision of the contract, and the other item being the sum of $150.

Answer was filed by the defendant, but as the case went off upon a demurrer to the evidence of the plaintiff, it is not necessary here to set out the substance of the pleadings further.

Plaintiff has assigned 10 grounds of error in his petition in error filed herein, but the one question necessary to a determination of this appeal is whether or not the trial court erred as a matter of law in sustaining the demurrer of the defendant to the evidence of the plaintiff, and in rendering judgment in favor of the defendant for costs, as was done.

The evidence offered and introduced in behalf of the plaintiff upon the trial consisted of the following stipulation:

"It is agreed by and between the plaintiff and defendant that Exhibit "A" may be introduced in evidence as the contract entered into between the plaintiff, J. S. Weathers, and the city of Vinita and under which the work was done and on which the suit was instituted. That under the contract and the estimate of the engineer the plaintiff, J. S. Weathers, worked under a contract amounting to $16,397.10 and that he was paid by the defendant, city of Vinita, the total sum of $14,945.10; that the final estimate of the engineer was made on the 21st day of April, 1914; that the city of Vinita withheld the sum of $1,302.00 from the said J. S. Weathers and paid said amount to the engineer under the provisions of Exhibit "A." It is also agreed that Exhibit "B" is the final estimate of the engineer of the work and may be used. It is further stipulated and agreed that the plaintiff was paid all sums provided in the contract except the sum of

$1,302.00 heretofore mentioned in the stipulation, and $150.00. It is agreed by and between the parties hereto that the city has been using the sewer ever since the final estimate was made."

And the testimony of Mr. Baker, city clerk, who identified the minutes of certain proceedings of the city council of the city of Vinita, which will be hereafter referred to. Exhibit "A" referred to in the above stipulation is the contract between plaintiff and defendant, and Exhibit "B" referred to in said stipulation is the engineer's final estimate. These exhibits will be hereafter referred to, and quotations made from them as they become pertinent.

Plaintiff relies for a reversal in this case upon the claim that certain provisions of the contract between plaintiff and defendant provided for a forfeiture or penalty and are therefore in contravention of sections 975 and 976, Rev. Laws 1910 (secs. 5068 and 5069, Comp. Stats, 1921).

Exhibit "A" referred to, being the construction contract between plaintiff and defendant, provided for the commencement of work thereunder within 20 days from the execution of the contract and approval of the bond of the contractor, and provided for the completion of the work within 60 days thereafter. By section 22 of said contract, time was expressly stipulated by the parties as being of the essence of the contract. It was further provided that if the work was not completed within the 60 days, and the defendant should grant to the plaintiff an extension of time within which to complete the same, the defendant should pay the sum of $7 per day for each and every working day after the expiration of the original 60 days provided for in the contract, said $7 per day to be paid to the engineers as "fees, salaries or wages" for their services in superintending the construction during such extended period of time.

The provisions of the statute relied upon by the plaintiff are as follows (Comp. Stats. 1921):

Sec. 5068. "Every contract, by which the amount of damages to be paid or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof is to that extent void, except as expressly provided by the next section."

Sec. 5069. "A stipulation or condition in a contract, providing for the payment of an amount which shall be presumed to be the amount of damage sustained by a breach of such contract, shall be held valid, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

The provisions of the contract to which plaintiff seeks to apply the above statutory provisions, read as follows: .

"It is distinctly understood that the time specified for the completion of this work is of the essence of this contract, and the contractor shall not be entitled to claim performance of this contract unless the work is entirely completed in every respect on or before the time specified.

"However if the contractor is permitted to finish the work after the time of completion named in this contract, the party of the first part shall have full authority to, and shall, deduct monthly from the estimates of the amounts due the said party of the second part on this contract, and shall pay to the engineers as fees, salaries or wages for services after the expiration of the time specified in this contract for the completion of said work, the sum of seven dollars ($7.00) per day for each and every working day subsequent thereto and previous to the final acceptance of the work called for under the contract, and to the inspector the same per diem as was paid by the city to them."

Plaintiff insists that the above provisions are in the nature of a penalty or forfeiture, but he cites no authority to sustain such contention, and it is assumed that no such authority can be found. By the terms of the contract between the parties time was made of the essence thereof, and 60 days was the extreme limit for the completion of the work. A penalty or forfeiture is imposed for breach of a contract or for default in the performance thereof. In the instant case there was neither a breach nor a default for the reason that upon the application of the plaintiff's intestate the defendant granted an extension of time for the completion of the work under the contract. The parties having made a complete contract in reference to the work to be done, the time to be consumed in its execution and the price to be paid therefor, it was competent for them to further contract against the happening of any contingencies which might endanger the interests of either under said contract. It was entirely competent for plaintiff's intestate to offer to the defendant a consideration of $7 a day for any extension of time beyond the original 60 days which he might find would be required for the completion of the work. This provision of the contract constituted a continuing offer on the part of the plaintiff's intestate to the defendant which, when accepted by the defendant by an extension of time for the completion of the work, amounted to a forbearance, and became a valid and binding consideration therefor. The testimony for the plaintiff shows that on September 16, 1913, at the request of plaintiff's intestate, an extension of 60 days for the completion of said work was granted by the defendant; that on November 4, 1913, another extension of time was granted, and that on January 6, 1914, a further extension of 90 days was granted.

By the above quoted provision of the contract, plaintiff's intestate voluntarily assumed payment of all the "fees, salaries or wages" of the engineers to the amount of $7 a day during the extended period of time as a consideration for such extension, and such payment by the plaintiff's intestate cannot be considered in any sense a penalty or forfeiture under the facts shown in the record. In the case of Deming Investment Co. v. Britton, 72 Oklahoma, 179 Pac. 468, this court, in considering the above sections of the statute under a similar contention, used this language:

"This was merely an agreement between the parties fixing the amount of compensation to be paid for certain services when rendered, and, the services in this case having been performed by plaintiff according to the agreement, the right to the compensation attached, and sections 975 and 976, Rev. Laws 1910, have no application to the situation here presented."

Neither have those sections any application to the facts as presented here. The agreement of the parties merely fixed the compensation per diem which defendant should receive for any forbearance granted and when the forbearance was granted the right to the compensation attached.

No evidence was introduced or offered on behalf of the plaintiff in reference to the $150 item other than the stipulation made by the parties, which recites: "It is further stipulated and agreed that the plaintiff was paid all sums provided in the contract except the sum of $1,302 heretofore mentioned in the stipulation and $150." The final estimate of the engineers, upon which final payment was made by the defendant shows total amount of work done to be $16,397.10. Previous payments to contractor $12,535.81. Total, less previous payments, $3,861.29. Over time since estimate No. 4, 76 days at $7 per day to be deducted from above and paid to engineers as per contract, $532. Amount due contractor $3,329.29.

It is provided by paragraph 13 of the construction contract that "the engineer shall have the final decision in all matters involving the character and amount of work and the compensation to be paid therefor." Paragraph 30 reads as follows:

"It is further agreed that when this contract shall be completely performed on the

part of the contractor, the engineer shall proceed to make final inspection and measurements and submit estimates of the same to the city and the city shall, except for causes herein specified, pay to the contractor within fifteen days thereafter the balance due, excepting therefrom such sums as may be lawfully retained under any of the provisions of this contract."

The final estimate shows that four previous estimates had been prepared and filed by the engineers and payments made thereunder, and it is not contended that payment was not made to, and accepted by, plaintiff's intestate as shown by the final estimate of the engineers. Under the above quoted provisions of the contract and the figures shown in the final estimate of the engineers, in the absence of allegations and proof of mistake or fraud, it will be presumed that such final estimate was correct. Settlement having been made and accepted upon the basis of such final estimate, and more than three years having elapsed thereafter before the beginning of this action, and no element of mistake or fraud having been shown or charged in reference to the item of $150 claimed by plaintiff, it must be presumed that the same was lawfully retained under the provisions of the contract.

Therefore, the judgment of the trial court in sustaining the demurrer to plaintiff's evidence and in rendering judgment in favor of the defendant for costs should be in all things affirmed.

By the Court: It is so ordered.