## SMITH v. COMMERCE INV. CO.

No. 26335.    Feb. 4, 1936.

Herbert E. Smith, for plaintiff in error.

Harry D. Pitchford, for defendant in error.

PER CURIAM. This action in the first instance was filed by the plaintiff, Roy P. Lester, on September 2, 1933, against the defendant, James G. Lyons, and praecipe for summons filed, along with attachment affidavit. An attachment order was issued and delivered to the sheriff, and he, on September 5, 1933, attached certain chattels and office furniture and supplies as the property of the defendant, James G. Lyons. Appraisers were appointed and inventory and appraisement returned and filed in said cause on September 5, 1933. The order of attachment was never returned and no attempt was ever made to obtain service upon the defendant, James G. Lyons.

On May 8, 1934, one Herbert E. Smith acquired a bill of sale to certain chattels, office furniture, and supplies from James G. Lyons. A portion of the chattels and furniture described in the bill of sale was held by the sheriff of Okmulgee county under the order of attachment issued in said cause. Smith, on June 9, 1934, intervened in said action and asked that the attachment be dissolved, claiming ownership and right of possession to the property covered by the bill of sale, including the property attached by Lester. On June 14, 1934, the Commerce Investment Company, in whose building the furniture was located, filed its petition in

intervention and asked that the attachment be dissolved, the said company asserting a right of ownership in said property of Lyons under pledge for payment of rentals due to the company from Lyons for office rent. The attachment was dissolved on June 16, 1934, and it was ordered by the court that the cause proceed from that time as between the interveners, Herbert E. Smith and Commerce Investment Company, upon the issue of ownership and right of possession of the property described in the pleadings of said interveners.

Thereafter answer and reply were filed by the parties and the issues joined. On December 14, 1934, the cause was tried before a jury of eleven men. Smith testified to the effect that he purchased the property from Lyons without notice of the claim on the part of the intervener Commerce Investment Company that the property had been pledged to it as security for payment of rentals due to the company. Smith's bill of sale was received in evidence and Smith offered in evidence the deposition of the witness, James G. Lyons. The deposition was read to the court and the jury, and Mr. Pitchford, attorney for the investment company, moved the court to suppress the deposition, which motion was sustained and the deposition was suppressed except as to that part which fixed the value of the property and went to the indebtedness between the Commerce Investment Company and Lyons. Smith rested and the Commerce Investment Company demurred to the evidence, and the court sustained the demurrer.

Evidence was then introduced by the Commerce Investment Company, and judgment entered, by the court ordering that the property involved be awarded to the Commerce Investment Company as having a prior lien to Smith by reason of a pledge for payment of rent; and that the company have judgment for foreclosure; that the property be advertised for sale; and upon sale the costs and attorney's fees, and the claim of the company in the sum of $3,772 be paid, and fixed the amount of the attorney's fee at $372, to all of which findings and judgment Smith excepted and brings his appeal to this court.

It is the contention of intervener Smith that the court erred in suppressing the deposition of James G. Lyons and not allowing the same to be introduced in evidence, and for failure to submit the case to the jury for determination. Smith contends that the question of fact as to the ownership of the property in question, and as to whether or not the company had a pledge lien on the property should have gone to the jury. He also contends that the court erred in suppressing the deposition of his witness, Lyons, as a whole as to the intervener Smith and permitting a portion of the deposition to stand in favor of the intervener Commerce Investment Company.

Smith had his bill of sale to the property which showed at least presumptive evidence as to his title. The company claimed an oral pledge of the property for payment of rent. Smith filed his denial to the pleading of the company and the issue was made and tried as to the claim of the pledge lien. We have read with particular care and attention the entire deposition of the witness Lyons, and are unable to find therein any statement of the witness Lyons that he still owned the property involved. In fact, we did find in the deposition the statement by the witness that he did not have notice of the proceeding until after he had "sold" the property, and in another instance he referred to his "grantee." The witness also testified positively that he had never given the defendant in error a pledge of the property. The plaintiff in error testified that he owned the property. The defendant in error, by its witness Metzger, testified that it had an oral pledge lien on the property. In answer to several questions Lyons testified positively that he had never given defendant in error a lien on the property or had pledged the same for payment of back rentals.

From a consideration of the claim of defendant in error that it had a lien on the property, and the denial of that state of fact by plaintiff in error, we conclude that this was a question of fact which should have gone to the jury for decision. The evidence was competent and the court erred in taking that question from the jury and directing a verdict:

"Where the evidence introduced makes a material issue of fact, it is error to refuse to allow the jury to pass upon it." Morgan v. Stanton Auto Co., 142 Okla. 116, 285 P. 962.

"It is error for the court to sustain a demurrer to the evidence, where no objection has been made to the issues tendered, except a general denial by the party demurring, where there is any competent evidence reasonably tending to support the issues in favor of the party offering the same." Landis v. Rodgers, 119 Okla. 233, 249 P. 398.

If there is any evidence to sustain a cause of action or a defense or an issue, the case must be submitted to the jury. Sharum

v. Sharum, 82 Okla. 266, 200 P. 176; Ohio Fuel Co. v. McKain, 103 Okla. 121, 229 P. 414; Belcher v. Whitlock, 6 Okla. 691, 56 P. 23.

The credit and weight of evidence is a matter solely for the jury. Lane v. Choctaw, O. & G. R. Co., 19 Okla. 324, 91 P. 883.

Where the evidence, considered most favorably for the plaintiff with every reasonable inference in his favor, establishes a case, or where reasonable minds may differ as to the effect of the evidence, the case should be submitted to the jury. Moppin v. Norton, 40 Okla. 284, 137 P. 1182, Ann. Cas. 1915D, 1042; Duncan Cotton Oil Co. v. Cox, 41 Okla. 633, 193 P. 270.

For the reasons herein set out, we respectfully recommend that the cause be reversed for further proceedings in the trial court.

The Supreme Court acknowledges the aid of Attorneys W. N. Palmer, E. H. Mattingly, and John R. Pierson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Palmer and approved by Mr. Mattingly and Mr. Pierson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.